560 So.2d 308 (1990)
Alfonso WILLIAMS, Appellant,
v.
Jean Husain WILLIAMS, Appellee.
No. 89-2618.
District Court of Appeal of Florida, First District.
April 18, 1990.
*309 Kathy N. Grunewald, Kristine E. Knab, and Marc E. Taps, of Legal Services of North Florida, Inc., Tallahassee, for appellant.
Jeffrey P. Whitton, Panama City, for appellee.
ZEHMER, Judge.
Alphonso Williams, the husband, appeals an order denying his pro se request for relief from a default judgment of dissolution ordering him to pay $200.00 a month in child support. Because the court erred in not including the husband's social security benefits being received directly by the children in determining the amount of his child support obligation, we reverse.
On December 12, 1988, the court entered a default judgment dissolving the marriage and ordering that the husband pay $200.00 per month in child support to his former wife, Jean Williams. On December 23, 1988, the husband wrote a letter to the court asking that it redetermine the amount of child support. The husband's letter stated that as of January 1, 1989, his former wife would be receiving $558.00 per month in social security child benefits for the three minor children. The letter explained that he did not respond to the motion for default judgment because his wife had assured him that she would not seek anything other than the $558.00 in social security benefits for their three children. The husband's letter further stated that his only income was $535.00 per month from social security, and the $335.00 that remained after deducting $200.00 for child support did not cover his monthly living expenses.[1] The letter also stated that he was 66 years old and suffered from diabetes.
On June 1, 1989, the court entered an income deduction order, effective immediately, ordering that $200.00 be deducted from the husband's social security benefits and an additional $40.00 be deducted to apply to his existing arrearages in child support of $1,200.00. Sometime thereafter the husband obtained representation by attorneys with Legal Services of North Florida, Inc. In August 1989, they filed a motion entitled "Amended Motion for Rehearing," and soon thereafter the court held a hearing on the matters raised in the husband's letter to the court. The record does not clearly reflect what type of pleading the trial court characterized the letter to be. At the hearing, the husband presented uncontroverted evidence that the $312.00 left each month after child support deductions[2] was insufficient to meet his basic living and medical expenses. The husband also testified that his income before child support deductions ($583.90) made him ineligible for food stamps or medicaid, and that he was diabetic and suffered from a serious nerve condition. On August 23, 1989, the court denied the husband any relief and, instead, ordered an increase in the husband's child support payments to $229.00 per month plus $40.00 each month to pay off arrearages. It is that order which we review on appeal.
*310 For purposes of this appeal, we shall treat the husband's letter as a motion for relief from judgment pursuant to Rule 1.540(b), Florida Rules of Civil Procedure. It cannot be treated as a motion for rehearing because it was not delivered to the court within the time allowed for rehearings.
After the court-ordered deductions for child support were made from the husband's social security check, his sole income was $312.00 a month, and there is no evidence to controvert the fact that this was not enough for him to meet his basic living expenses. The husband's former wife was receiving $558.00 per month in social security benefits for their three minor children as a result of the husband's disability. The court combined the actual and imputed income of the wife and attributed an income of $668.00 per month to her.
In setting the husband's child support, it appears that the trial court did not properly consider the social security benefits the children were receiving, if it considered them at all. The record contains a child support schedule calculated in accordance with the statutory child support guidelines. § 61.30, Fla. Stat. (1987). However, the trial court incorrectly computed the husband's child support obligation under the guidelines and as a result increased the husband's obligation from $200.00 a month to $229.00 a month. We find no fault with the trial court's use of the guidelines in this case.[3] However, the trial court erred in not including the social security benefits received by the children when calculating the husband's contribution to the combined family gross income. Section 61.30(2)(a)8 specifically directs that, "Gross income shall include ... social security benefits."
In cases such as this, a parent's social security payments made directly for the support of children, absent a special agreement or provision to the contrary, should be credited against that parent's child support obligations. E.g. Binns v. Maddox, 57 Ala.App. 230, 327 So.2d 726 (1976); Cohen v. Murphy, 368 Mass. 144, 330 N.E.2d 473, 77 A.L.R.3d 1310 (1975). See generally, Annot., 77 A.L.R.3d 1315 (1977). The only Florida decisions coming to our attention that even discuss the application of social security benefits to a child support obligation are Cohen v. Cohen, 246 So.2d 581 (Fla. 3d DCA 1971), and Best v. State, Department of Health and Rehabilitative Services, 528 So.2d 532 (Fla. 2d DCA 1988). We distinguish Cohen, however, because the child support obligation in that case grew out of a property settlement and became a debt of the estate after the father's death. A payment obligation (whether for support or otherwise) pursuant to a property settlement has entirely different legal consequences than an ordinary support obligation. Best is distinguishable because it involved a petition to modify a prior final judgment, not a motion for relief from judgment pursuant to rule 1.540, and the opinion reflects that court did not consider the provision in section 61.30(2)(a)8. We do not treat that decision as requiring or even permitting the trial court to completely overlook consideration of the parent's social security benefits, either for himself or for the children.
When the father's social security benefits for the children are included in the combined family income and attributed to the father, as they should be, a correct computation of the father's child support obligation under the guidelines reveals that the amount of the children's benefits exceeds his statutory obligation by $95.48 each month.[4] Therefore, if the trial court *311 had properly considered the children's social security benefits, the husband would not have been required to pay any additional child support from his own social security payments.
Since the husband was erroneously ordered to pay child support in addition to the social security payments for the support of the children, he should be given credit against any and all arrearages commencing from the date of his motion for relief from judgment. E.g., Buckley v. Buckley, 343 So.2d 890 (Fla. 4th DCA 1977), appeal dismissed, 362 So.2d 1050 (Fla. 1988); 26 Fla. Jur.2d Family Law § 739 (1981). Such credit obviously more than satisfies all arrearages.
There remains one more unusual twist to this case, however. In June 1989 the trial court ordered the garnishment of husband's social security payments in the amount of $240.00 per month. Thus, the husband has been forced to pay additional moneys for child support each month out of his meager social security benefits. While he is undoubtedly entitled to recover these excess payments because they cannot be treated as a voluntary gratuity (they were compelled over his objections), we are also aware that the financial condition of the mother and the children may be such that a court of equity should not compel such payment. We leave it to the discretion of the trial court to consider this matter and fashion equitable relief between the parties.
The appealed order is reversed and the cause is remanded for further proceedings in accordance herewith.
REVERSED AND REMANDED.
ERVIN and ALLEN, JJ., concur.
NOTES
[1] The husband attached to the letter a personal financial statement showing that his basic living expenses, plus the $200.00 child support, exceeded his monthly income by $151.50.
[2] This amount was calculated as follows: social security check in the amount of $583.90 minus $271.90 ($200.00 in child support + $40.00 in arrearages + $31.90 for monthly medicare premium).
[3] Section 61.30(1), Florida Statutes (1989) now makes the guidelines presumptively applicable:

The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support or in a proceeding for modification of an existing order for such support, whether the proceeding arises under this or another chapter. The trier of fact may order payment of child support in an amount different from such guideline amount upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate.
[4] Total family income is $1741.00 ($1183.00 gross income as determined by the trial court (R. 35) + $558.00 children's social security benefits). At this income level, the guidelines call for $746.00 total support for three children. The husband's percentage contribution to gross income (his social security and the child benefits) is approximately 62%, thus his pro rata share of child support is 62% of $746.00, or $462.52. Obviously, the social security child benefits paid to the wife for the support of the children exceed the husband's obligation under that statutory guideline by $95.48 ($558.00 - $462.520).