PER CURIAM.
The former wife appeals an order of the trial court terminating her rehabilitative alimony, denying her motion to convert rehabilitative alimony to permanent alimony, crediting the former husband’s child support obligation by subtracting from his child support payment the amount of a social security *314 benefit paid on behalf of the parties’ disabled child, and ordering each party to pay their, own attorney’s fees. We find there was competent substantial evidence to support the trial court’s decision concerning alimony, and affirm as to those issues without further discussion. As to the other issues raised by appellant, we reverse and remand.
The trial court erred in crediting the former husband’s child support with a social security benefit paid on behalf of the parties’ child by simply subtracting the amount of the benefit from the former husband’s $650 per month payment. We agree that credit should be given for the benefit; however, the amount credited must be factored into a computation of the parties’ support obligations according to Williams v. Williams, 560 So.2d 308, 310 n. 4 (Fla. 1st DCA 1990). On remand, the trial court shall compute the parties’ obligations under the child support guidelines and then credit the former husband, if necessary. Williams, supra. See also Ricketts v. Ricketts, 593 So.2d 624 (Fla. 4th DCA 1992).
We also reverse the order requiring each party to pay their own attorney’s fees. The trial court abused its discretion in ordering the former wife to pay all of her attorney’s fees where the evidence showed that the former husband’s monthly income is substantially greater than the former wife’s.
WOLF and BENTON, JJ., concur.
BOOTH, J., concurring in part and dissenting in part with written opinion.