736 So.2d 119 (1999)
Christopher M. GOMEZ, Appellant,
v.
Mildred M. GOMEZ, Appellee.
No. 98-0397.
District Court of Appeal of Florida, Fourth District.
June 23, 1999.
*120 Carolyn A. Pickard of Carolyn A. Pickard, P.A., Miami, for appellant.
Mildred M. Gomez, Sunrise, pro se.
STONE, C.J.
We affirm the final judgment of dissolution.
The parties' child receives $452.00 per month in social security benefits as a result of the husband's disability. The trial court did not err, as asserted by the husband, by failing to award the husband a dollar for dollar credit against his child support obligation for the social security payment to the child. We note that the husband's disability income is not reduced as a result of the social security payment to the child.
In reaching our decision, we rely on section 61.30(11)(b), Florida Statutes (1997), which provides that a court may adjust the minimum child support award based upon a consideration of the "[i]ndependent income of the child, not to include moneys received by a child from supplemental security income." (Emphasis added) Although not argued here, this provision dictates that the social security disability benefits received by the child should not be factored into the child support order that would otherwise comply with section 61.30. We note that the trial court did off-set the child's supplemental income pro rata from the parties' support obligations. However, the issue of whether to increase the husband's obligation is not before us.
We recognize that this result conflicts with that in Williams v. Williams, 560 So.2d 308, 310 n. 4 (Fla. 1st DCA 1990). In Williams, the First DCA relied on section 61.30(2)(a)8, Florida Statutes (1987) to conclude that social security benefits received as a result of the husband's disability should be included when calculating the family gross income and then credited against the disabled parent's support obligation. We note, however, that section 61.30(11)(b) did not contain the restriction "not to include moneys received by a child from supplemental security income" at the time of the Williams decision. The statute was amended in 1997. As such, it appears that Williams was superceded by the 1997 amendment.
We also recognize that in Ricketts v. Ricketts, 593 So.2d 624 (Fla. 4th DCA 1992), this court upheld a child support award that credited the husband with social security payments paid directly to the custodial parent for the child. However, the facts supporting this court's decision in Ricketts are not apparent in the brief opinion, and, in any event, that opinion was rendered prior to the 1997 amendment.
As to all other issues, we affirm pursuant to Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
STEVENSON and SHAHOOD, JJ., concur.