774 So.2d 804 (2000)
Wayne Eugene WALLACE, Appellant,
v.
DEPARTMENT OF REVENUE, on behalf of Brenda CUTTER, Appellee.
No. 2D98-4386.
District Court of Appeal of Florida, Second District.
December 22, 2000.
Wayne E. Wallace, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Wayne Eugene Wallace appeals a final order that grants his petition to modify his child support obligation, but denies his request to offset his child support arrearages with dependent social security disability *805 benefits his children received because of his disability. We affirm in part and reverse in part.
Mr. Wallace is the father of two minor children. The children reside with Brenda Cutter, their mother and Mr. Wallace's former wife. In 1985, when Mr. Wallace was employed as a car salesman, the trial court ordered him to pay child support for the two children. It appears that from 1985 to 1990, Mr. Wallace substantially met his child support obligation. In 1990, however, Mr. Wallace suffered a financial downturn, became unemployed, and his child support was reduced to $230 per month.
Between 1990 and 1993, Mr. Wallace fell behind on his child support obligation and began to accrue an ever-increasing arrearage. During this period, the court held numerous contempt hearings. The record indicates that Mr. Wallace suffered from a psychiatric disorder that contributed to his inability to pay the child support. As a result, the trial court did not hold Mr. Wallace in contempt, but required him to keep the court informed of his current financial situation. The last of these hearings resulted in an order dated December 29, 1993, ruling that the case should be reset within sixty days. From March 1994 until December 1997, no record activity occurred in this case.
The lack of record activity from 1993 to 1997 is explained by what occurred outside the courthouse. In July 1993, the Social Security Administration found that Mr. Wallace was disabled as a result of his psychiatric disorder and thus eligible to receive social security benefits on a monthly basis.[1] Mr. Wallace's children also became eligible to receive benefits as his dependents in July 1993, and those benefit checks were paid directly to Ms. Cutter. The record does not establish when Mr. Wallace first became aware of the payments made to his children. In 1993, these payments amounted to $255 per month per child. The payments have increased each year.
In December 1997, Mr. Wallace realized that the children had been receiving these benefits and that the benefits were not being applied to his child support obligation. At that point, the trial court's records reflected arrearages in child support accruing from 1993 to 1997 despite the children's receipt of benefits that were more than double the amount of the child support obligation. Mr. Wallace then filed his petition for modification of final judgment, seeking a recalculation of his ongoing child support obligation and a credit against his arrearages in the amount the children had received in dependent social security disability benefits since 1993. The Department of Revenue filed responsive pleadings on Ms. Cutter's behalf.
After a final hearing, the trial court recalculated child support based upon the current financial situation of the parties. To calculate the support owed, the trial court attributed income to Mr. Wallace equal to the amount of his monthly social security benefit plus the amount the children received for dependent benefits. This resulted in an increase of Mr. Wallace's monthly child support obligation to $558.80. Because the monthly obligation *806 was less than the dependent disability benefits of $580 per month paid to the children at the time of the final hearing, the trial court ruled that the benefits paid directly to the children satisfied Mr. Wallace's monthly obligation and that the surplus of $21.20 per month could be applied to Mr. Wallace's outstanding child support arrearage. The trial court found Mr. Wallace was entitled to this modification from the date he filed his petition in December 1997. The trial court refused, however, to credit Mr. Wallace's child support arrearage with any dependent benefits paid directly to the children from 1993 until the date Mr. Wallace filed his petition. The trial court based this ruling upon the premise that unpaid child support accruing from an order requiring payment is a vested right, not subject to modification absent a petition for the same. See, e.g., Milopoulos v. Milopoulos, 691 So.2d 1199 (Fla. 4th DCA 1997).
On appeal, Mr. Wallace challenges the trial court's child support calculation as well as its refusal to credit his child support arrearage with the dependent social security benefits the children received from 1993 to 1997. The complexity of this case is solely the result of the source of Mr. Wallace's incomehis social security disability benefits.
The trial court properly calculated the child support based upon Williams v. Williams, 560 So.2d 308 (Fla. 1st DCA 1990). In Williams, the First District encountered a father whose only income source was social security benefits, and those benefits included dependent benefits for his children. In order to calculate guideline child support, the First District held that Mr. Williams' income should include the social security benefits paid to him plus the dependent benefits paid to the children. See id. at 310. Once it calculated the monthly child support obligation, the First District applied the dependent benefits to reduce or pay that obligation. See id.
Although the First District in Williams did not specify the type of social security benefits Mr. Williams received, it did report that Mr. Williams was 66 years old, and thus he was most likely receiving social security retirement benefits. The reasoning in Williams applies equally to social security disability benefits like those received by Mr. Wallace because section 61.30(2)(a)(8), Florida Statutes (1999), provides that "social security benefits" are included in gross income for the purpose of child support calculations. This statute does not differentiate between the different types of social security benefits available.
We recognize that the Fourth District has adopted a different position and has held that "social security disability benefits" received by a child because of a father's disability should not be factored into a child support calculation. See Gomez v. Gomez, 736 So.2d 119 (Fla. 4th DCA 1999). Gomez additionally held that the obligor parent on whose behalf the benefits were paid was not entitled to a dollar-for-dollar credit against the obligation calculated. Id. at 120. In support of this position, the Fourth District expressed the opinion that Williams was overruled by a 1997 amendment to the guidelines. See id. (citing ch. 97-170, § 11, Laws of Fla.; § 61.30(11)(b), Fla. Stat. (1997)[2]). As amended in 1997, section 61.30(11)(b) prohibited a court from adjusting a child support award based upon "[i]ndependent income of the child, not to include moneys received by a child from supplemental security income."
We do not agree that the amendment to section 61.30(11)(b) changed the result in Williams or alters the result in this case. First, Gomez does not distinguish between supplemental security income and social security disability benefits, but appears to *807 use the terms interchangeably. This distinction is important because section 61.30(11)(b) refers only to supplemental security income. SSI is likely to be the only type of benefit a child could receive on his or her own behalf, because of the child's disability. A child is ineligible for SSDI benefits unless he or she has met the contribution requirements through employment. In addition, section 61.30(11)(b) does not refer to dependent benefits at all, whether due to SSI, SSDI, or any other social security benefit.
Second, section 61.30(11)(b) refers specifically to a final adjustment in the child support award because of the income of the child. This statute plays no part in determining what income is attributable to the parent obligor in the calculation of the guideline amount. A child who is disabled may receive supplemental security income in his or her own right. The statute reflects that this income of the child, intended to provide additional support due to the child's special needs, should not serve as a basis to reduce the parents' obligation. On the other hand, when social security disability insurance benefits or supplemental security income is received because of the disability of a parent, those benefits and the dependent benefits that accompany it, are income attributable to the parent. See § 61.30(2)(a); Williams, 560 So.2d at 310. Accordingly, we affirm the trial court's child support calculation, which attributed income to Mr. Wallace in an amount equal to the total of the monthly benefits he and the children receive as a result of his disability.
We reverse, however, the trial court's refusal to credit Mr. Wallace's child support arrearage with any amount because of the social security benefits received by the children from 1993 until 1997. The issue here is not one of modification, as the trial court saw it. Mr. Wallace was not entitled to a modification of his child support obligation until he petitioned for that relief. The issue here is whether the payments made to the children should have been applied to satisfy Mr. Wallace's established obligation during the months in which they were received. Because these dependent benefits were paid as a result of Mr. Wallace's disability and were made to his children on his behalf, we hold that they should have been applied to meet the obligation incurred simultaneously with their receipt, notwithstanding the lack of a petition for modification.[3]See State, Dep't of Revenue v. Sprague, 733 So.2d 585 (Fla. 2d DCA 1999); Kirwan v. Kirwan, 606 So.2d 771, 772 (Fla. 5th DCA 1992); Francisco v. Francisco, 505 So.2d 1102 (Fla. 2d DCA 1987).
Mr. Wallace asserts that he should receive credit for the full amount of all benefits paid to the children. This would not only erase the arrearage that accrued between 1993 and 1997 when the children received benefits, but also reduce or erase the arrearage Mr. Wallace accrued before he became eligible for disability benefits. We disagree. Although his children received over $500 per month from 1993 to 1997, and his support obligation was only $230 per month, Mr. Wallace receives credit only for the satisfaction of his established monthly obligationthat is, $230 per month. Thus, this holding merely erases any arrearage that accrued between July 1993, when the children became eligible to receive dependent benefits, and December 1997, when Mr. Wallace petitioned for modification. This holding leaves intact any arrearages that accrued prior to July 1993. The amount the children received, and continue to receive, in excess of Mr. Wallace's established monthly obligation inures to their present benefit, not to his past obligation.[4]See Sprague, 733 *808 So.2d at 587. Likewise, the trial court erred when it allowed Mr. Wallace to pay off his child support arrearage with the $21.20 per month by which the dependent benefits exceeded his child support obligation.
In sum, when a parent is receiving social security disability income due to a disability and, as a result, his or her children receive dependent benefits, the total benefits received by or on behalf of that parent are attributed to the disabled parent as income in the child support guideline calculation. The dependent benefits are then credited toward the disabled parent's obligation, that is, they are a payment of the obligation on behalf of the disabled parent. If the benefits are less than the support obligation, the disabled parent must pay the difference. If they are more, the benefits pay the obligation in full, but any excess inures to the benefit of the children.
We reverse the portion of the order that denied Mr. Wallace credit of $230 per month for those months in which the children received dependent social security disability benefits based upon Mr. Wallace's disability. We also reverse that portion of the order that permitted Mr. Wallace to apply the dependent benefits in excess of his child support obligation to the arrearage he accrued prior to the children's receipt of benefits.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
PARKER, A.C.J., and SALCINES, J., concur.
NOTES
[1] Although Mr. Wallace referred to these benefits as "SSI" benefits in his petition to modify his child support, we conclude, as did the trial court, that they are actually social security disability insurance payments, commonly referred to as "SSD" or "SSDI" benefits. "SSI" enotes benefits payable as supplemental security income. Both SSI and SSDI benefits are paid through the Social Security Administration to disabled persons. The SSI program provides minimal benefits to disabled individuals whose incomes and assets fall below a specified level. The SSDI program provides more extensive benefits to disabled workers only if the worker is insured under the provisions of the program. See 42 U.S.C.A. §§ 413-415, 1381-83; Lance Liebman, The Definition of Disability in Social Security and Supplemental Security Income: Drawing the Bounds of Social Welfare Estates, 89 Harv.L.Rev. 833 (Mar.1976). Mr. Wallace's work history as reflected in this record confirms that he qualified for the larger benefit available through social security disability.
[2] This statute was renumbered and currently appears at section 61.30(11)(a)(2), Florida Statutes (1999).
[3] By analogy, if a relative had charitably paid Mr. Wallace's child support on his behalf, and the intent was clear, a court would not require Mr. Wallace to pay the support again.
[4] The small difference between the monthly child support obligation under Florida law and the monthly SSDI check under federal law simply reflects slight policy differences in these two statutory mechanisms.