789 So.2d 401 (2001)
Robert SEALANDER, Appellant,
v.
Judy N. SEALANDER, Appellee.
No. 4D00-872.
District Court of Appeal of Florida, Fourth District.
May 30, 2001.
*402 Catherine L. Roselli of The Law Office of Catherine L. Roselli, P.A., Fort Lauderdale, for appellant.
No brief filed for appellee.

EN BANC
PER CURIAM.
The Appellant ("Former Husband") appeals the denial of his request for child support modification or set-off, asserting he should have received a credit against his child support payments for social security benefits the child was receiving as a result of the Former Husband's retirement. We agree and therefore reverse and remand.
The Former Husband was required to pay $300 per month in child support pursuant to the final judgment of dissolution. After the Former Husband voluntarily retired early, he filed a petition for modification of child support, arguing that as a result of his early retirement, the Former Wife began receiving $500 per month from social security as child support and that because these payments were more than what he was required to pay, he should receive a credit against his $300 child support obligation. A general master recommended the motion be denied because the Former Husband's voluntary early retirement was not a substantial change in circumstances.[1] The Former Husband filed exceptions to the general master's report; however, the trial court denied the exceptions after a hearing.
In Gomez v. Gomez, 736 So.2d 119 (Fla. 4th DCA 1999), this Court affirmed the denial of a credit against the former husband's child support obligation for social security benefits paid to the child as a result of the former husband's disability. See id. at 120. In affirming, this Court noted that there was no reduction in the former husband's disability income as a result of the social security payments made to the child and relied on section 61.30(11)(b). See id. That section, as amended and renumbered in 1997, states the following:
The court may adjust the minimum child support award, or either or both parents' share of the minimum child support award, based upon the following considerations:
. . .
2. Independent income of the child, not to include moneys received by a child from supplemental security income.

§ 61.30(11)(a)2, Fla.Stat. (2000)(emphasis added). The statute refers only to supplemental security income and we conclude Gomez failed to consider the distinction between supplemental security income and dependent benefits. Recognizing there is a distinction between the two, we now recede from Gomez.
In receding from Gomez, we adopt the reasoning of the Second District in Wallace v. Department of Revenue, 774 So.2d 804 (Fla. 2d DCA 2000). There, the court disagreed with Gomez and explained,
We do not agree that the amendment to section 61.30(11)(b) changed the result in Williams or alters the result in this case. First, Gomez does not distinguish between supplemental security income and social security disability benefits, *403 but appears to use the terms interchangeably. This distinction is important because section 61.30(11)(b) refers only to supplemental security income. SSI is likely to be the only type of benefit a child could receive on his or her own behalf, because of the child's disability. A child is ineligible for SSDI benefits unless he or she has met the contribution requirements through employment. In addition, section 61.30(11)(b) does not refer to dependent benefits at all, whether due to SSI, SSDI, or any other social security benefit.
Second, section 61.30(11)(b) refers specifically to a final adjustment in the child support award because of the income of the child. This statute plays no part in determining what income is attributable to the parent obligor in the calculation of the guideline amount. A child who is disabled may receive supplemental security income in his or her own right. The statute reflects that this income of the child, intended to provide additional support due to the child's special needs, should not serve as a basis to reduce the parents' obligation. On the other hand, when social security disability insurance benefits or supplemental security income is received because of the disability of a parent, those benefits and the dependent benefits that accompany it, are income attributable to the parent. See § 61.30(2)(a); Williams, 560 So.2d at 310. Accordingly, we affirm the trial court's child support calculation, which attributed income to [the former husband] in an amount equal to the total of the monthly benefits he and the children receive as a result of his disability....
In sum, when a parent is receiving social security disability income due to a disability and, as a result, his or her children receive dependent benefits, the total benefits received by or on behalf of that parent are attributed to the disabled parent as income in the child support guideline calculation. The dependent benefits are then credited toward the disabled parent's obligation, that is, they are a payment of the obligation on behalf of the disabled parent. If the benefits are less than the support obligation, the disabled parent must pay the difference. If they are more, the benefits pay the obligation in full, but any excess inures to the benefit of the children.
Id. at 806-08.
Although the present case involves social security benefits paid to a child as a result of a parent's retirement rather than a parent's disability, we see no reason that would require treating the two situations differently. As such, we conclude the Former Husband should have received a credit against his $300 child support obligation for benefits paid as child support as a result of his retirement. We reverse and remand for the trial court to recalculate the Former Husband's child support obligation in a manner consistent with this opinion and with an appropriate credit for the benefits paid as child support.
REVERSED AND REMANDED.
WARNER, C.J., DELL, GUNTHER, STONE, POLEN, FARMER, KLEIN, STEVENSON, SHAHOOD, GROSS, TAYLOR, HAZOURI, JJ., concur.
NOTES
[1] Under the facts of this case, although the Former Husband's retirement was voluntary, it is not necessarily dispositive. This is so because, unlike the majority of modification actions based upon voluntary retirement, the retirement in this case resulted in an increased benefit to the child. Therefore, the equities which normally weigh against allowing a party to rely upon voluntary retirement to constitute a substantial change of circumstances do not apply.