816 So.2d 1193 (2002)
Loraine Clark FORD, Appellant,
v.
Robert Jerome FORD, Appellee.
No. 4D00-4378.
District Court of Appeal of Florida, Fourth District.
May 22, 2002.
*1194 Aubin Wade Robinson, Royal Palm Beach, for appellant.
No appearance for appellee.
SHAHOOD, J.
This is an appeal by appellant, Lorraine Clark Ford, of an Agreed Order on Former Husband's Amended Motion for Contempt. Based on sections 61.30(2)(a) and 61.30(11)(a)(2),[1] Florida Statutes (2000), and this court's recent en banc opinion in Sealander v. Sealander, 789 So.2d 401 (Fla. 4th DCA 2001), we reverse and remand.
The parties were married on June 28, 1994 and a Final Judgment of Dissolution of Marriage was entered on February 3, 1998. One child was born prior to the parties' marriage on February 2, 1990. A Marital Settlement and Property Agreement was entered into on February 2, 1998 and incorporated into the Final Judgment. As to child support, the agreement provided that the parties had a combined net income of $2,065.00 ($1,465.00 from Husband and $600.00 from wife) and that based upon the child support guidelines, the child's needs were $452.00. The Agreement provided that:
Accordingly, the Husband shall pay child support in the amount of $75.00 per week. However, inasmuch as the child receives Supplemental Security Income (SSI) benefits from Social Security Administration (SSA) due to her medical condition, and taking this additional income into account as provided pursuant to Section 61.30(11)(b), Florida Statutes, the Husband's child support obligation shall be reduced to $45.00 per week so long as the minor child is receiving SSI benefits.
. . . .
The parties recognize the possibility that the minor child may also begin receiving Social Security Disability Insurance (SSDI) benefits from SSA due to the Husband's disability. The parties agree that when the SSI and SSDI benefits are combined, any amount paid in excess of $387.00 per month shall be credited against the Husband's support obligation. (Examples: The minor child receives $200.00 per month for SSDI and $387.00 for SSI benefits. The additional $200.00 paid for the minor child by SSDI shall be credited against the Husband's support obligation. If the minor child receives $400.00 per month for SSDI and $187.00 for SSI benefits, the additional $200.00 paid for the minor child by SSA which is in excess of the prior $387.00 monthly SSI payment, *1195 shall be credited against the Husband's support obligation.).
However, upon the minor child's SSI benefits terminating due to the child no longer being under active medical treatment (exclusive of periodic follow-up medical appointments), the Husband shall receive a credit against his child support obligation in the same amount as the SSDI payment. (Example: The minor child receives $400.00 per month for SSDI and $0.00 for SSI benefits as she is no longer under active medical treatment. The full SSDI benefit of $400.00 shall be credited against the Husband's support obligation and he would not have to pay any additional support for that month. The additional support in excess of the Husband's $75.00 weekly support obligation would be credited against any child support arrearage owed by the Husband to the Wife. In this example, an additional $77.50 would be credited against any such arrearage.).
Both parties shall cooperate to permit the proper calculations to be effectuated. The Wife shall provide the Husband with a copy of each SSDI and SSI check received as well as any Notices of Award, correspondence or any other such documents which affect the SSI or SSDI benefits payable for the benefit of the minor child.
Former husband filed a motion for contempt claiming that former wife failed to comply with the terms of the Final Judgment by failing to provide former husband with a copy of each SSDI and SSI check received as well as any notices which affect those benefits payable for the benefit of the minor child as required under the terms of the Marital and Property Settlement. In an amended motion, former husband claimed that former wife's failure to abide by the Agreement left him unable to determine or recalculate the proper amount of child support which he should have been paying under the final judgment. He claimed that upon former wife signing a release for information, he learned that the minor child's SSI benefits were terminated March 1, 1999 for medical reasons and that prior to that time she received monthly SSI benefits in the amount of $387.00. Further, he claimed that former wife received SSDI benefits in the amount of $406.00 per month from December 1997 through November 1998; $411.00 from December 1998 through November 1999; and $421.00 from December 1999 through present. Therefore, using the calculations set forth in the Agreement, former husband was entitled to a credit of $10,281.00.
Following a hearing, an Agreed Order on Former Husband's Amended Motion for Contempt was entered; former wife appeared pro se. Based on former wife's combined receipt of SSI and SSDI benefits as well as child support payments received through the Clerk of Court, former husband was given a credit against his child support obligation in the amount of $11,157.00.
Former wife claimed that the order improperly credited former husband for dual payments of SSDI and SSI prior to May 1, 1999, even though Social Security documentation showed that the minor child stopped receiving SSI in May 1999 and that disability income was to begin upon the termination of SSI. Thus, the trial court's order substantially eliminated arrearages due while creating a credit balance as to future support. We agree.
It is well settled that a child's right to support may not be waived by a parent or contracted away. See Wilkes v. Wilkes, 768 So.2d 1150, 1151 (Fla. 2d DCA 2000). However, that does not preclude parents from making contracts or agreements *1196 concerning their child's support so long as the best interests of the child are served. See Lester v. Lester, 736 So.2d 1257, 1259 (Fla. 4th DCA 1999). The power of the parties to modify by agreement or for one party to waive or otherwise be deprived of the provisions of child support in a divorce decree is subject always to the supervision and scrutiny of the court and will be given sanction and recognition only if the best interests of the child or children are fully served. See id.
In Williams v. Williams, 560 So.2d 308 (Fla. 1st DCA 1990), the father's only source of income was social security benefits, including dependent benefits for the children. In order to calculate guideline child support, the First District held that the father's income should include the social security benefits paid to him plus the dependent benefits paid to the children. See id. at 310. Once the father's monthly child support obligation was calculated, the court applied the dependent benefits to reduce or pay that obligation. See id. Although the Williams court did not specify the type of social security benefits the father was receiving, based on his age, it was most likely social security benefits. In Wallace v. Department of Revenue, 774 So.2d 804, 806 (Fla. 2d DCA 2000), the Second District held that the reasoning in Williams equally applies to social security disability benefits because section 61.30(2)(a)(8), Florida Statutes (Supp. 1998), provides that social security benefits are included in gross income for the purpose of child support calculations. The statute does not differentiate between the different types of social security benefits available.
The Fourth District initially took a contrary position in Gomez v. Gomez, 736 So.2d 119 (Fla. 4th DCA 1999), and held that social security benefits received by a child because of a father's disability should not be factored into child support obligations. Hence, it affirmed the denial of a credit against a former husband's child support obligation for social security benefits paid to the child as a result of the former husband's disability. In reaching such conclusion, the court noted that Williams was overruled by a 1997 amendment to section 61.30(11)(b), renumbered as 61.30(11)(a)(2).
Recently, this court receded from Gomez in Sealander v. Sealander, 789 So.2d 401, 402-03 (Fla. 4th DCA 2001)(en banc), and adopted the reasoning set forth in Wallace:
[In Wallace], the court disagreed with Gomez and explained, We do not agree that the amendment to section 61.30(11)(b) changed the result in Williams or alters the result in this case. First, Gomez does not distinguish between supplemental security income and social security disability benefits, but appears to use the terms interchangeably. This distinction is important because section 61.30(11)(b) refers only to supplemental security income. SSI is likely to be the only type of benefit a child could receive on his or her own behalf, because of the child's disability. A child is ineligible for SSDI benefits unless he or she has met the contribution requirements through employment. In addition, section 61.30(11)(b) does not refer to dependent benefits at all, whether due to SSI, SSDI, or any other social security benefit.
Second, section 61.30(11)(b) refers specifically to a final adjustment in the child support award because of the income of the child. This statute plays no part in determining what income is attributable to the parent obligor in the calculation of the guideline amount. A child who is disabled may receive supplemental security *1197 income in his or her own right. The statute reflects that this income of the child, intended to provide additional support due to the child's special needs, should not serve as a basis to reduce the parents' obligation. On the other hand, when social security disability insurance benefits or supplemental security income is received because of the disability of a parent, those benefits and the dependent benefits that accompany it, are income attributable to the parent. See 61.30(2)(a); Williams, 560 So.2d at 310. Accordingly, we affirm the trial court's child support calculation, which attributed income to [the former husband] in an amount equal to the total of the monthly benefits he and the children receive as a result of his disability.... In sum, when a parent is receiving social security disability income due to a disability and, as a result, his or her children receive dependent benefits, the total benefits received by or on behalf of that parent are attributed to the disabled parent as income in the child support guideline calculation. The dependent benefits are then credited toward the disabled parent's obligation, that is, they are a payment of the obligation on behalf of the disabled parent. If the benefits are less than the support obligation, the disabled parent must pay the difference. If they are more, the benefits pay the obligation in full, but any excess inures to the benefit of the children.
[Wallace, 774 So.2d] at 806-08.
Based on such reasoning, the Sealander court held that the former husband was entitled to a credit against his child support obligation for social security benefits that the child was receiving as a result of his early retirement. See Sealander, 789 So.2d at 403. As such, the matter was remanded to recalculate the former husband's child support obligation in a manner consistent with the opinion and with an appropriate credit the benefits paid as child support. See id.
In this case, while the Marital Settlement Agreement provided for child support, the minor child was unrepresented, and it essentially gave former husband credit for which he was not entitled. Section 61.30(1)(a) establishes a presumptive amount of child support to be ordered by the trial court based upon the child support guidelines. The trial court may order the payment of child support which varies from the guidelines amount after considering all the relevant factors, including the needs of the child, station in life, standard of living, financial status and ability of each parent.
The Marital Agreement reduced former husband's child support obligation for as long as the minor child received SSI benefits due to her own medical condition. The Agreement attributed such additional income as income to former husband. Under section 61.30(11)(a)(2), this was error since income to the child in her own right is intended to provide additional support due to the child's special needs and should not serve as a basis to reduce the parents' obligation. See Sealander, 789 So.2d at 403.
Next, the Agreement takes into consideration that the minor child might also receive SSDI benefits as a result of former husband's disability. If so, it takes the combined total of both the SSI and SSDI benefits, and any amount paid in excess of the husband's monthly child support obligation and credits it against his support obligation. As set forth in Sealander and section 61.30(2)(a), only SSDI benefits received because of a parent's disability and the dependent benefits that accompany it are considered income attributable to the parent in the child support guideline calculation. See id. at 403. Hence, it was error to combine the child's SSI benefits with those benefits received because of former *1198 husband's disability. Under Wallace and Sealander, the dependent benefits received by the child under SSDI are credited toward the disabled parent's obligation. If the benefits are less than the support obligation, the disabled parent must pay the difference. If they are more, the benefits pay the obligation in full, but any excess inures to the benefit of the children. See Sealander, 789 So.2d at 403. In utilizing the calculations set forth in the Agreement, former husband improperly credited himself with both the child's SSI payments and SSDI benefits received due to his disability and essentially eliminated any arrearage due and owing, while creating a credit balance as to future support. This essentially wiped out his child support obligation.
Based on the foregoing, we reverse and remand with directions that the trial court conduct a new hearing and recalculate former husband's child support obligation consistent with this opinion and with an appropriate credit for benefits paid as child support. See Sealander, 789 So.2d at 403.
REVERSED AND REMANDED.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] Section 61.30(11)(a)(2) was formerly numbered 61.30(11)(b).