REVISED OPINION
 

 GRIFFIN, J.
 

 Appellant, Edward Maslow [“Maslow”],
 
 pro se,
 
 appeals an order modifying his child support obligation and a second order establishing his child support arrearages, payable to Appellee, Julianne Edwards, the child’s mother. We find no error and affirm as to all issues Maslow raises. However, there does appear to be an error in the mathematical calculation used to determine the amount of child support.
 

 At trial, Maslow introduced into evidence documentation showing that he was receiving veteran’s disability benefits of $440 per month for himself and an additional monthly benefit of $159 for the minor child who is the subject of the child support proceeding. According to the Florida Department of Revenue, veteran’s benefits for minor children are paid to the veteran directly.
 

 At the close of the hearing, the trial court determined that Maslow’s monthly disability income was $440 per month. The trial court then calculated that Mas-low was obligated to pay 21% of child support, and this figure was found to be $157.
 
 [1]
 
 The court then added this figure to the $159 per month that Maslow received directly for the child’s support to get a total of $316. It appears, however, that the amount received for the benefit of the child should be accounted for differently. In
 
 Wallace v. Dep’t of Revenue ex rel. Cutter,
 
 774 So.2d 804 (Fla. 2d DCA 2000), the court explained:
 

 [W]hen a parent is receiving social security disability due to the disability and, as a result, his or her children receive independent benefits, the total benefits received by or on behalf of that parent are attributed to the disabled parent as income in the child support guideline calculation. The dependent benefits are then credited toward the disabled parent’s obligation, that is, they are a payment of the obligation on behalf of the disabled parent. If the benefits are less than the support obligation, the disabled parent must pay the difference. If they are more, the benefits pay the obligation in full, but any excess inures to the benefit of the children.
 

 Id.
 
 at 808.
 

 Although this case involves disability benefits paid by the Veteran’s Administration, rather than benefits paid by Social Security, there does not appear to be any reason to treat the two situations differently. The $159 paid to Maslow for the benefit of his son should be included in Maslow’s income and the total family income figure.
 
 [2]
 
 Accordingly, we affirm in part and reverse in part and remand for recalculation of child support and arrear-ages in a manner consistent with this opinion.
 

 
 *301
 
 AFFIRMED in part; REVERSED in PART; and REMANDED.
 

 ORFINGER and LAWSON, JJ., concur.
 

 [1]
 

 . The components of this figure are: $94.92 for child support, plus $63 for daycare.
 

 [2]
 

 . Unlike
 
 Wallace,
 
 in this case, Maslow is not automatically entitled to a credit in the amount of the disability benefit of the child because the benefit comes to Maslow, not to the child.