ON MOTION FOR REHEARING
COHEN, J.
On consideration of the appellant’s motion for rehearing, rehearing en banc, clarification and certification, we grant the appellant’s motion in part, withdraw our opinion filed on February 14, 2014, and substitute the following opinion in its stead.
J.L.B. (“Former Husband”) appeals from the supplemental final judgment for modification of timesharing/parenting plan. We affirm in part and reverse in part.
In what is a far too frequent occurrence, Former Husband and S.J.B. (“Former Wife”) have engaged in years of litigation involving their minor children. The parties’ marriage was dissolved by a final judgment entered on September 17, 2008. Since then, they have filed numerous pleadings attacking the other’s parental fitness. In March 2010, Former Husband filed a supplemental petition to modify the *470 parenting plan. In that petition, he sought sole parental responsibility and, in pertinent part, alleged that Former Wife had filed a false report of abuse (presumably against him) and had violated court orders regarding their parenting plan. That petition was dismissed by the trial court in April 2010. Subsequently, in December 2011, Former Husband filed another supplemental petition to modify the parenting plan, this time alleging that the parties’ children had been removed from Former Wife by the Department of Children and Family Services and placed into his custody. At one point in that petition he sought sole parental responsibility, and at another he merely sought a modification of the time-sharing schedule. In this context, the case proceeded to trial. At the conclusion of the trial, the court found that Former Husband met his burden of establishing a substantial change in circumstances and entered a supplemental final judgment granting him majority time-sharing and ordering Former Wife to pay child support. Former Husband timely appealed.
First, Former Husband argues that the trial court erred in placing the burden of proof on him to establish a substantial change of circumstances and not requiring Former Wife to plead or prove a substantial change in circumstances.[1] The case proceeded to trial on Former Husband’s December 2011 petition,[2] and thus the court correctly placed the burden on him. In any event, the trial court found that a substantial change in circumstances had occurred and ruled almost entirely in Former Husband’s favor, including granting him majority time-sharing. The court’s finding, regardless of who bore the burden of proof, was supported by ample evidence. Essentially, Former Husband’s only complaint concerns the fact that the court granted Former Wife visitation.[3] In this regard, the court had broad discretion to craft a time-sharing and visitation plan. Schwieterman v. Schwieterman, 114 So.3d 984, 987 (Fla. 5th DCA 2012) (citing Miller v. Miller, 842 So.2d 168, 169 (Fla. 1st DCA 2003)). We hold that it did not abuse that discretion.
Next, Former Husband contends that the trial court erred in setting Former Wife’s child support obligation based upon three children rather than four. While the record on appeal is not entirely complete, apparently the parties adopted one child and received a stipend from the State of Georgia for over $430 per month. The trial court ordered that stipend, which had been going to Former Wife, be paid to Former Husband instead. That amount was clearly intended for the child’s support and, given Former Wife’s financial condition, we find no abuse of discretion in how the trial court calculated the child support. *471 Cf. Wallace v. Dep’t of Rev. ex rel. Cutter, 774 So.2d 804, 807 (Fla. 2d DCA 2000) (holding that where children receive Social Security dependent benefits, the benefits must be credited towards noncustodial disabled parent’s child support obligation); see also Sealander v. Sealander, 789 So.2d 401, 403 (Fla. 4th DCA 2001) (concluding that former husband was entitled to credit against child support obligation for Social Security benefits that parties’ child received as a result of former husband’s voluntary early retirement).
Additionally, Former Husband submits that the trial court used the incorrect date in calculating the amount of retroactive child support owed by Former Wife. Because Former Husband did not plead for retroactive child support in his December 2011 supplemental petition and the issue was not tried by consent, we decline to hold that the trial court abused its discretion in calculating the retroactive child support due.
Lastly, Former Husband argues that the trial court erred in awarding the IRS dependency exemptions to the parties in alternating years because Former Wife did not request such relief in her pleadings. We agree. See Newberry v. Newberry, 881 So.2d 749, 751 (Fla. 5th DCA 2002) (“A trial court lacks jurisdiction to enter any judgment on an issue not raised by the pleadings.” (citing Cortina v. Cortina, 98 So.2d 384 (Fla.1957))). Accordingly, we reverse that portion of the supplemental final judgment. We affirm in all other respects.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PALMER and EVANDER, JJ., concur.

. Former Husband argues that because the children were adjudicated dependent, Former Wife must establish that there has been a substantial change in circumstances since that adjudication. However, the dependency adjudication was based upon his consent to dependency; thus, he cannot use that adjudication to shift the burden of proof.

. Due to the vast amount of pleadings filed in this case, confusion understandably arose regarding the operable petition. This is illustrated by the fact that the supplemental final judgment incorrectly states that the cause came before the court on Former Husband's March 2010 supplemental petition, which had previously been dismissed as insufficient. However, it is clear from the record and the trial transcript that the trial and supplemental final judgment were based on Former Husband’s December 2011 supplemental petition.

.Specifically, Former Wife was granted unsupervised visitation on the condition that she first complete three supervised visits with the Family Ties program.