KHOUZAM, Judge.
The Department of Revenue (DOR), on behalf of Brenda Joyce Jenkins, timely appeals the final judgment of child support entered against Stacy Nicole Porter and the order denying its motion to vacate the final judgment of child support. DOR argues that the trial court abused its discretion by failing to set the amount of Porter’s child support obligation before applying the amount of the child’s derivative social security disability benefit.
We agree that the final judgment does not explicitly include the amount of Porter’s child support obligation and instead simply finds that Porter did not have to pay any child support because the derivative benefit exceeded the amount that she would have had to pay. The court should have calculated Porter’s monthly child support obligation, explicitly included, that amount in the final judgment, and only then applied the derivative benefits to reduce or pay that obligation. See Wallace v. Dep’t of Revenue ex rel. Cutter, 774 So.2d 804, 806 (Fla. 2d DCA 2000).
Nevertheless, the court did reach the correct result. The record shows that the child support guidelines set Porter’s monthly child support obligation at $390.27 and that the child was receiving $51L00 per month in derivative benefits from Porter’s social security disability income. So ultimately the derivative benefits did exceed the amount of Porter’s child support obligation, and for that reason we affirm. We reverse and remand only for the court to amend the final judgment to delineate its calculation and explicitly include the amount of Porter’s child support obligation. As circumstances may have changed during the pendency of this appeal, the court may receive additional evidence as needed to make an accurate calculation on remand.
*431 Affirmed in part, reversed in part, and remanded with directions.
ALTENBERND and SLEET, JJ„ Concur.