921 So.2d 768 (2006)
LATIN AMERICAN CAFETERIA, INC., Appellant,
v.
ZALES MEATS DISTRIBUTORS, INC., Appellee.
No. 3D05-1008.
District Court of Appeal of Florida, Third District.
February 22, 2006.
*769 Reginald J. Clyne, Miami, for appellant.
Martin A. Feigenbaum, Miami, for appellee.
Before LEVY, RAMIREZ, and SUAREZ, JJ.
*770 SUAREZ, J.
Latin American Cafeteria, Inc. ("Latin American"), appeals the denial of an Emergency Motion to Stay Execution of Amended Final Default Judgment in favor of the appellee, Zales Meats Distributors, Inc. ("Zales"), and an award of attorney's fees as sanctions under section 57.105, Florida Statutes (2004). We affirm in part and reverse in part.
The appellee filed suit against Latin American for treble damages for tendering worthless checks to pay for merchandise. Latin American failed to respond or file any papers and a Default Final Judgment was obtained in the amount of $64,744.28, including principal, treble damages, prejudgment interest and attorney's fees. The attorney's fees award was based on an affidavit filed by Zales, without a hearing, in the amount of $1,500.00 for 7-1/2 hours of time and $281.00 in costs. On April 15, 2005, in an attempt to prevent Zales from executing on the judgment, Latin American filed an Emergency Motion to Stay Execution of Amended Final Default Judgment together with an affidavit by the owner stating that he had not been served with process. At the hearing on the motion to stay, the process server testified that he had served Latin American by delivering a copy of the summons and complaint to the owner as registered agent. The original attorney for Zales testified as to conversations she had with the owner of Latin American concerning the suit, and the court file contained copies of orders and notices of hearings all certified as being sent to Latin American. The trial judge found that Latin American failed to prove its denial of service by clear and convincing evidence and upheld service. The trial judge also held that entry of the Amended Final Default Judgment without notice was proper, and denied the Motion to Stay Execution.
On April 25, 2005, Latin American filed a second Emergency Motion to Stay, Motion to Set Aside Default Judgment, and Motion to Vacate Default Judgment. Latin American argued that it was entitled to relief from the judgment under Florida Rule of Civil Procedure 1.540, claiming that Latin American never received notice of any hearings in the matter. The successor judge heard the motion, granted the Motion to Stay Execution but refused to hear the Motion to Set Aside and Motion to Vacate Default Judgment on grounds that the issues had already been decided by the original trial judge. The successor judge awarded sanctions under section 57.105, Florida Statutes (2004), against Latin American for causing the appellee to appear for a second time after the issues raised had allegedly already been decided by the prior trial judge.

I.
We affirm the original trial judge's denial of Latin American's motion to set aside default and to stay the execution of the Amended Final Default Judgment. The return of service provided by the process server indicated that he had served a copy of the complaint and summons on the owner, as registered agent, of Latin American. The trial court heard testimony on the issue of the irregularity of service from both sidesincluding from the owner of Latin American, that he had not been served, from the process server, that he had served the owner as registered agent, and from the original attorney for Zales, that she had numerous conversations with the owner of Latin American concerning the suit. We find that the trial court did not abuse its discretion in finding that Latin American did not meet its burden of presenting clear and convincing evidence to corroborate its claim of denial of service. See Slomowitz v. Walker, 429 So.2d *771 797 (Fla. 4th DCA 1983), and cases cited; see also Winky's, Inc. v. Francis, 229 So.2d 903 (Fla. 3d DCA 1969).
We also uphold the Amended Final Default Judgment as to the total damages, other than the award of attorney's fees. Latin American's second Emergency Motion to Vacate was brought pursuant to Florida Rule of Civil Procedure 1.540 claiming that the trial court erred in granting a default judgment as to damages and in awarding attorney's fees where the plaintiff, Zales, had requested a jury trial in the complaint which had not been waived. We affirm that portion of the successor judge's order denying Latin American's motion to set aside the default judgment as to general damages. Any error in the trial court's determination of damages without a hearing when the right to a jury trial had not been waived was a mistake of law which should have been raised on appeal and was not subject to relief under Rule 1.540(b). Curbelo v. Ullman, 571 So.2d 443 (Fla.1990). As in Curbelo, this appellant had knowledge of the Motion for Entry of Final Default Judgment, Motion to Amend Final Default Judgment and the Final Default Judgment by service of pleadings and also from contact with the appellee. As in Curbelo, the judgment is not void and could not have been properly set aside under Rule 1.540(b), as the proper vehicle for remedy would have been an appeal. Therefore, we uphold the award of damages. We reverse that portion of the order granting a default award of attorney's fees. The attorney's fees prayed for in the complaint are considered unliquidated damages requiring as a condition precedent notice to the defaulting party and an opportunity to be heard. Bowman v. Kingsland Dev., Inc., 432 So.2d 660 (Fla. 5th DCA 1983), and cases cited. Relief from that portion of the Amended Final Default Judgment awarding attorney's fees was properly raised pursuant to Rule 1.540. It should have been granted and an evidentiary hearing should then have been held as to the amount of attorney's fees. Bowman.
Therefore, the original trial judge's denial of the Emergency Motion to Stay is affirmed along with the damages awarded pursuant to the Amended Final Default Judgment with the exception of the attorney's fees which were awarded without a hearing and an opportunity to be heard. See Curbelo v. Ullman, 571 So.2d at 443; Bowman v. Kingsland Dev., Inc., 432 So.2d at 660; Slomowitz v. Walker, 429 So.2d at 797; Winky's, Inc. v. Francis, 229 So.2d at 903.

II.
Since there was a justiciable issue presented to the successor trial judge on the second Motion to Stay, Motion to Set Aside Default Judgment, and Motion to Vacate Default Judgmentthat the attorney's fees were awarded in error in the Amended Final Default Judgmentthe trial court's granting of fees as a sanction under section 57.105, Florida Statutes (2004), is reversed. See Connelly v. Old Bridge Village Co-Op, Inc., 915 So.2d 652 (Fla. 2d DCA 2005); Mercury Ins. Co. v. Coatney, 910 So.2d 925 (Fla. 1st DCA 2005); Brockway v. Town of Golfview, 675 So.2d 699 (Fla. 4th DCA 1996); Lambert v. Nelson, 573 So.2d 54 (Fla. 1st DCA 1990).
We affirm the Amended Final Default Judgment with the exception of the attorney's fees award which is subject to a hearing upon remand to determine the amount. We reverse the 57.105 fees ordered by the successor trial judge.
Affirmed in part, reversed in part and remanded with directions.