CASANUEVA, Judge.
The Department of Revenue, which sought to enforce a Pennsylvania judgment, appeals a circuit court order requiring it to pay attorney’s fees to John A. Marchines pursuant to section 57.105, Florida Statutes (2004). We agree that the trial court abused its discretion in so ordering and reverse.
*1087 The Department received a request from the Commonwealth of Pennsylvania, as the initiating state under the Uniform Interstate Family Support Act (UIFSA), chapter 88, Florida Statutes (2004), to register and enforce a Pennsylvania child support arrearage judgment against Mr. Mar-chines for over $34,000. The Department, the responding tribunal as defined in section 88.1021, followed the protocol set out in section 88.3051 and notified Mr. Mar-chines of the registration of the Pennsylvania order and his rights. The Department’s letter to Mr. Machines stated:
Florida Law 88.6061 states that if you wish to contest the validity or enforcement of this registered order, you must request a hearing within 20 days after the date of the mailing of this notice. You may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages.
Mr. Marchines did exercise his rights and objected to paying the judgment. He ■wrote the Department claiming he was completely disabled, was not working, had no income, and had filed for supplemental security income (SSI).[1] Section 409.2561(4), Florida Statutes (2004), provides that anyone receiving SSI is excused from paying support.[2] Despite numerous telephone conversations, Mr. Marchines did not provide any documentation from the Social Security Administration to show that he was entitled to or was receiving SSI. Because the Department lacked this documentation, it moved forward with the UIFSA process and scheduled a hearing for which Mr. Marchines hired counsel to represent him. The day of the hearing, Mr. Marchines finally supplied the necessary SSI documentation. Despite his compliance with the Department’s request for this official documentation, the hearing went forward.
Having proof that Mr. Marchines was receiving SSI, the hearing officer correctly determined that the language of section 409.2561(4) precluded the Department from enforcing the child support arrearage order against him. The hearing officer’s factual findings, adopted by the circuit court in its final order, are important to our analysis:
B. On April 1, 2004, a hearing was held on [Mr. Marchines’s] Objection to Registration of Foreign Support Order. At that hearing, [Mr. Marchines], through his assigned counsel, objected to the registration of the Pennsylvania child support arrears order. The objection was premised on the fact that as of January 18, 2002, [Mr. Marchines] was declared by the Social Security Administration to be disabled and currently receives supplemental security income.
C. Based on the fact that [Mr. Mar-chines] currently receives supplemental security income, The Department of Revenue cannot enforce the Pennsylvania’s [sic] child support order. There *1088 fore, [Mr. Marchines’s] objection to the registration of such order should be granted.
The circuit court adopted the hearing officer’s recommended order in toto and rendered it as the final order. No appeal was taken from the court’s order.
Subsequently, Mr. Marchines’s counsel filed a motion for section 57.105 attorney’s fees. The motion claimed that despite the fact that Mr. Marchines informed the Department that he was incapacitated and that section 409.2561(4) provided a complete defense to enforcement of the Pennsylvania judgment against him, the Department persisted in pressing the claim, forcing Mr. Marchines to hire counsel at his own expense. At the circuit court hearing on this motion, the Department argued that it was within its rights to continue the process in order to register the Pennsylvania order although it knew that it could not enforce the order as long as Mr. Marchines was receiving SSI. The Department’s counsel informed the circuit court that the hearing officer who granted Mr. Marchines’s objection refused to register the Pennsylvania order on the theory that the order should not be “on the books” if it could not be enforced.[3] According to the Department’s argument, the hearing officer misunderstood that the statute barred only enforcement of the order, not registration.
The circuit court granted the motion and assessed section 57.105 fees against the Department.[4] The court reasoned that although the Department was entitled to rely on official documentation and not merely on conversations between Mr. Mar-chines and the case worker about his potential entitlement to or receipt of SSI, the Department never clearly communicated to Mr. Marchines that it had the right to go further and register the order even though it could not enforce it. Thus, the circuit court concluded it was not unreasonable for Mr. Marchines to hire counsel.
Whether it was reasonable for Mr. Marchines to hire counsel, however, is not the dispositive factor in awarding section 57.105 fees against .the Department. “An order awarding attorney’s fees under section 57.105 must include findings by the trial court to support the award.” Goldberg v. Watts, 864 So.2d 59, 60 (Fla. 2d DCA 2003). The trial court’s order against the Department is deficient in this regard, and without such a finding, the award of fees pursuant to section 57.105 is reversible.
More important, however, is the fact that the circuit court incorrectly interpreted the appropriate statutes. This is not a case in which the losing party — the Department — presented a frivolous claim.
The order underlying the attorney’s fee proceedings did not remove the registration of the Pennsylvania order from the record, nor refuse to register it, nor dismiss Pennsylvania’s petition to register and enforce the support order. Rather, the court’s ruling stated that the court (1) granted Mr. Marchines’s objection to the registration of the foreign support order, (2) denied the Department’s request for costs, and (3) retained full and complete jurisdiction of the cause and the parties. Although the court correctly granted Mr. *1089 Marchines’s objection[5] based on its factual finding that he was receiving SSI, the court did not vacate the registration.
The court, the hearing officer, Mr. Marchines, and his counsel failed to appreciate the Department’s meritorious position in this matter, i.e., the plain language of chapter 88 contemplates that when Florida, as the responding state, receives a request from an initiating state to register and enforce a support order, registration is, in fact, automatic as long as the Department follows the dictates of chapter 88. And, in this case, the Department did just that.
Section 88.1011(14) defines “register” to mean “to record or file” a support order in the Registry of Foreign Support Orders of the circuit court or other appropriate location. Section 88.3051(1) directs the Department, when it receives a petition and order such as the Pennsylvania order at issue here, to “cause the petition or comparable pleading to be filed and notify the petitioner where and when it was filed.” Most notably, section 88.6031(1) explains that “[a] support order or income-withholding order issued in another state is registered when the order is filed in the registering tribunal of this state” (emphasis added). The fact that registration is already accomplished is underscored by the language of section 88.6051:
(1) When a support order or income-withholding order issued in another state is registered, the registering tribunal shall notify the nonregistering party (here, Mr. Marchines). The notice must be accompanied by a copy of the registered order and the documents and relevant information accompanying the order.
12) The notice must inform the nonre-gistering party:
(a) That a registered order is enforceable as of the date of registration in the same manner as an order issued by a tribunal of this state.
(b) That a hearing to contest the validity or enforcement of the registered order must be requested within 20 days after the date of mailing or personal service of the notice.
(c) That failure to contest the validity or enforcement of the registered order in a timely manner will result in confirmation of the order and enforcement of the order and the alleged arrearages and precludes further contest of that order with respect to any matter that could have been asserted.
(d) Of the amount of any alleged ar-rearages.
Upon receiving this notice, the obli-gor — the “nonregistering party” or person against whom the foreign order is directed, such as Mr. Marchines — has several options, including inaction. If the obligor “fails to contest the validity or enforcement of the registered order in a timely manner, the order is confirmed by operation of law.” § 88.6061(2) (emphasis added). Thus, without objection, the registered order simply remains so, i.e., “registered.” If the obligor has objections, section 88.6061(1) outlines the procedure to contest the validity or enforcement of a registered order:
(1) A nonregistering party seeking to contest the validity or enforcement of a registered order in this state shall request a hearing within 20 days after notice of the registration. The nonre-gistering party may seek to vacate the registration, to assert any defense to an *1090 allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages pursuant to s. 88.6071.
(Emphasis added.) Pursuant to section 88.6071(1)(3), Mr. Marchines asserted “a defense under the law of this state to the remedy sought,” i.e., section 409.2561(4).
The language in sections 88.6031, 88.6051, and 88.6061 that we emphasized above supports the conclusion that registration is accomplished when the Department initiates the Florida proceedings pursuant to the UIFSA. The foreign order is registered when the Department files it in the Registry of Foreign Support Orders of the circuit court or other appropriate location and notifies the obligor of this filing, because an obligor may then seek to have the registration “vacated.” Logically as well as legally, an order cannot be vacated if it is not already in effect. “Vacate” means “to render inoperative; deprive of validity; void; annul.” N.L.R.B. v. Goodless Bros. Elec. Co., 285 F.3d 102, 110 (1st Cir.2002) (quoting Random House Webster’s Unabridged Dictionary 2100 (2d ed.1997)); Hays v. L.C.I., Inc., 604 P.2d 861, 862 (Okla.1979) (“The word vacate, as applied to a judgment or an order, means to rescind, to eliminate, to set it aside, or render the order void or a nullity.”).
Mr. Marchines did not seek vacation of the already registered Pennsylvania order. The order “granting” his objection had the effect of excusing him from paying the child support arrearage by virtue of section 409.2561(4), but it did not “vacate” the registration. In effect, the court stayed enforcement of this registered Pennsylvania support order. See § 88.6071(2). The Department understandably acted to confirm the registration of the Pennsylvania order as valid despite the fact that it could not be enforced because Mr. Marchines provided a good defense under section 88.6071(l)(e).
Although the Department proceeded with the hearing moments after receiving official documentation of Mr. Mar-chines’s receipt of SSI, it had a justifiable reason to do so. It is conceivable that perhaps one day Mr. Marchines’s circumstances will change and he will be able to pay some portion of his child support ar-rearage. “An award of attorney’s fees pursuant to section 57.105 is appropriate only when the action is ‘so clearly devoid of merit both on the facts and the law as to be completely untenable.’ ” Stagl v. Bridgers, 807 So.2d 177 (Fla. 2d DCA 2002) (quoting Brinson v. Creative Aluminum Prods., 519 So.2d 59, 60 (Fla. 2d DCA 1988)); see also Cowgill v. Bank of Am., 831 So.2d 241, 242 (Fla. 2d DCA 2002) (reversing an award of section 57.105 fees because the claim was arguably supported by material facts and existing law). The Department’s actions in this case were neither frivolous nor completely untenable.
Reversed.
ALTENBERND and KELLY, JJ., Concur.

. Mr. Marchines also objected to the amount Pennsylvania claimed he owed, but this was not the basis upon which the order excusing him from paying was based.

. Specifically, this statute provides:
409.2561. Support obligations when public assistance is paid; assignment of rights; subrogation; medical and health insurance information—
[[Image here]]
(4) No obligation of support under this section shall be incurred by any person who is the recipient of supplemental security income or temporary cash assistance for the benefit of a dependent child or who is incapacitated and financially unable to pay as determined by the department.

. We believe that the Department’s counsel misspoke when she told the circuit court at the hearing on section 57.105 fees that the hearing officer had "refused to register” the order. We discuss below the effective registration of the order.

. The Department takes no issue with the amount of the fees, only to Mr. Marchines’s entitlement to them.

. Although the court’s ruling was that it was granting the objection to registration of the Pennsylvania order, based on the factual findings regarding Mr. Marchines’s receipt of SSI, it was more properly granting his objection to enforcement of the order.