997 So.2d 1251 (2009)
Thomas L. BOJADZIJEV, Appellant,
v.
ROANOKE TECHNOLOGY CORPORATION, Appellee.
No. 5D08-571.
District Court of Appeal of Florida, Fifth District.
January 2, 2009.
*1252 Haseeb R. Jabbar, of NeJame, LaFay, Jancha, Barker & Joshi, P.A., Orlando, for Appellant.
No Appearance for Appellee.
PALMER, C.J.
Thomas L. Bojadzijev appeals the trial court's order denying his motion to vacate a default final judgment which was entered in favor of appellee, Roanoke Technology Corporation (Roanoke).[1] We affirm the default final judgment.
Roanoke filed suit against Bojadzijev for breach of contract, unjust enrichment, constructive trust, and injunctive relief. The complaint contained a general claim for damages in excess of $15,000.00. Bojadzijev was served with the complaint but he failed to file any response thereto. After obtaining a clerk's default against Bojadzijev, Roanoke filed a motion seeking entry of a default final judgment against Bojadzijev and an affidavit setting forth a claim for damages in excess of six million dollars. A hearing was held on Roanoke's motion. At the conclusion of the hearing, the trial court entered a default final judgment for the full amount of the damages sought.
*1253 Months later, Bojadzijev filed a motion seeking to vacate the default final judgment and for leave to file an answer and affirmative defenses claiming that he was surprised by the lawsuit, was overburdened with attorney's fees, and was in the midst of a separate lawsuit with Roanoke. Bojadzijev claimed his conduct was a result of surprise and excusable neglect. Additionally, Bojadzijev claimed that Roanoke should never have filed a complaint in the trial court because each of the three contracts Roanoke attached to its complaint contained a mandatory arbitration clause. After conducting a hearing, the trial court concluded that Bojadzijev had failed to demonstrate any evidence of excusable neglect or due diligence and, accordingly, denied his motion. We agree.
In order to succeed on a motion to set aside a default final judgment, the moving party must show: (1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default. Lazcar Intern. Inc. v. Caraballo, 957 So.2d 1191 (Fla. 3d DCA 2007). See also Fla. R. Civ. P. 1.540(b).
On appeal, Bojadzijev fails to challenge the trial court's order denying his motion to vacate the default final judgment based on excusable neglect, due diligence, or meritorious defense. Instead, Bojadzijev claims that the trial court should have examined three contracts attached to Roanoke's complaint, discovered the arbitration clauses contained in the contracts, and then dismissed the complaint for failure to state a cause of action. We disagree.
In Seifert v. U.S. Home Corporation, 750 So.2d 633 (Fla.1999), our supreme court decided that there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration was waived.[2] Thus, according to Seifert, a trial court will not refuse to consider a lawsuit merely because a contract sued under contains an arbitration clause. Instead, it is up to the party seeking to enforce the arbitration clause to raise it before the trial court in a motion to compel arbitration. The trial court will then determine whether the dispute must be submitted to arbitration applying the Seifert analysis. See Raymond James Financial Services, Inc. v. Saldukas, 896 So.2d 707 (Fla.2005)(holding an arbitration right must be safeguarded by a party who seeks to rely upon that right, and the party must not act inconsistently with the right).
Here, Bojadzijev waived his right to seek arbitration by failing to raise the issue before the trial court in a timely motion to compel arbitration. Accordingly, the trial court did not err in denying Bojadzijev's motion to vacate the default final judgment on this basis.
Next, Bojadzijev challenges the trial court's order denying his motion to vacate the default final judgment, claiming Roanoke requested trial by jury in its complaint and that the damages in this case were awarded against him without proper findings of fact or a sufficient basis for the award. We conclude that these issues should have been raised on direct appeal rather than a motion for relief from judgment. See Latin American Cafeteria, Inc. v. Zales Meats Distributors, Inc., 921 So.2d 768 (Fla. 3d DCA 2006) (holding *1254 cafeteria operator, against which trial court entered default judgment in meat distributor's action for treble damages arising out of operator's alleged tendering of worthless checks to pay for merchandise, was not entitled to relief from trial court's determination of distributor's damages without a hearing, even though distributor requested a jury trial in its complaint and did not waive that request; any error in trial court's determination of damages without a hearing was a mistake of law that should have been raised on appeal, rather than in a motion for relief from judgment).[3]
Accordingly, we affirm the entry of the default final judgment.
AFFIRMED.
GRIFFIN and LAWSON, JJ., concur.
NOTES
[1] See Fla. R. Civ. P. 1.540(b).
[2] Notably, the instant case was decided after Seifert. Compare Opti, Inc. v. Sales Engineering Concepts, Inc., 701 So.2d 1234 (Fla. 4th DCA 1997).
[3] As in Latin American Cafeteria, Inc. v. Zales Meats Distributors, Inc., 921 So.2d 768 (Fla. 3d DCA 2006), appellant had timely notice of the complaint, the clerk's default, the motion seeking entry of final judgment, and the final judgment itselfall of which were personally served upon him.