WALLIS, J.
The father of two children, Norman Kemper (“Father”), appeals the trial court’s denial of his motion to vacate an order modifying his payment to the children’s mother and custodial parent, Joyce Kemper (“Mother”). Father argues that the Supplemental Security Income (“SSI”) Mother receives as a result of her disability should be included in her gross income under section 61.30(2), Florida Statutes (2014), when calculating Father’s child support obligation. We agree.[1]
At the time of the appeal, Father was unemployed. Notwithstanding his unemployment, the trial court attributed income to Father, which could be used to calculate a child support obligation. Mother received SSI due to her low income and disability. She did not earn any additional money. As a result, she was paid $674 per month in SSI. The trial court entered an order based upon a child support guideline worksheet that attributed $0 as Mother’s income. Father filed a motion to vacate the order, arguing that the order incorrectly failed to attribute any income to Mother and that her monthly receipt of $674 should be included as income under section 61.80(2)(a)4., Florida Statutes, which provides that “disability benefits” shall be included in a parent’s gross income. The trial court denied the motion to vacate.
We review a trial court’s ruling on a motion for relief from judgment for an abuse of discretion. Snipes v. Chase Manhattan Mortg. Corp., 885 So.2d 899, 900 (Fla. 5th DCA 2004) (citing Tilden Groves Holding Corp. v. Orlando/Orange Cnty. Expressway, 816 So.2d 658 (Fla. 5th DCA 2002)). However, “[t]he interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review.” Kephart v. Hadi, 932 So.2d 1086, 1089 (Fla.2006) (citing Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000)).
Section 61.30(2) provides a thorough, non-inclusive list of forms of income that are to be included in the calculation of a parent’s gross income. The list expressly includes “disability benefits.” § 61.30(2)(a)4., Fla. Stat. “Disability benefits” within the meaning of section 61.30 includes Social Security Disability Insurance (“SSDI”) and veteran’s disability benefits. Wallace v. Dep’t of Rev. ex rel. Cutter, 774 So.2d 804, 808 (Fla. 2d DCA 2000) (holding that SSDI is attributable to a parent’s income and that the benefit the *305 child receives as a result of the parent’s disability is also attributable to the parent as income under the child-support-guideline calculation); Maslow v. Edwards, 59 So.3d 299, 300 (Fla. 5th DCA 2011) (holding that veteran’s disability benefits a child receives are attributed to the parent’s income and noting that the parent’s veteran’s disability income was attributed as income).
We conclude that SSI is also a disability benefit. See Wallace, 774 So.2d at 807 (noting that income from SSDI and SSI are benefits); Mazzoni v. Dep’t of HRS, 686 So.2d 743, 745 (Fla. 2d DCA 1997) (“[The Department of Health and Rehabilitative Services] ... uses the definition of disability, and the criteria in evaluating claims in the federal Supplemental Security Income (SSI) regulations in 20 C.F.R. § 416.905 (1994).” (citing Walker v. Dep’t of HRS, Dist. I, Escambia Cnty., Medically Needy Unit No. 12, 533 So.2d 836, 837 (Fla. 1st DCA 1988))).
The Department of Revenue, on Mother’s behalf, argues that section 409.2561(4), Florida Statutes (2014), prevents the inclusion of the custodial parent’s SSI as income. We disagree. That statute provides:
(4) No obligation of support under this section shall be incurred by any person who is the recipient of supplemental security income or temporary cash assistance for the benefit of a dependent child or who is incapacitated and financially unable to pay as determined by the department.
§ 409.2561, Fla. Stat. Section 409.2561(4) does not exclude SSI from the income calculation; it only forecloses the possibility that, after relative incomes are calculated, the parent receiving SSI would be required to pay out of his or her SSI. See Dep’t of Rev. ex rel Marchines v. Marchines, 974 So.2d 1085, 1086 (Fla. 2d DCA 2007) (noting that “anyone receiving SSI is excused from paying support” (citing § 409.2561(4), Fla. Stat.)). The Legislature chose not to exclude SSI from the calculation of gross income when it created the public-assistance exception. § 61.30(2)(c), Fla. Stat. (2014) (“Public assistance as defined in s. 409.2554 shall be excluded from gross income.”). Public assistance is defined, as follows:
(8) “Public assistance” means money assistance paid on the basis of Title IV-E and Title XIX of the Social Security Act, temporary cash assistance, or food assistance benefits received on behalf of a child under 18 years of age who has an absent parent.
§ 409.2554, Fla. Stat. (2014) (footnote omitted). Title XVI of the Social Security Act addresses SSI. We presume that the Legislature, if it so intended, could have excluded SSI from gross income by including SSI in the public-assistance exception.[2]
We conclude that because SSI is a disability benefit under section 61.30 and the Legislature has not chosen to exclude SSI as public assistance, SSI should be included in the calculation of gross income. Thus, the trial court abused its discretion when it denied Father’s motion to vacate. We vacate the order and remand for the •trial court to recalculate Father’s child support obligation.
VACATED and REMANDED.
PALMER and LAWSON, JJ., concur.

. All other issues are moot as a result of this reversal. On remand, the trial court may reconsider any aspect of the support obligation.

. We are aware that Florida is in the minority of states that includes SSI when calculating a parent’s income. See Davis v. Office of Child Support Enforcement, 341 Ark. 349, 20 S.W.3d 273, 278 n. 2 (2000) (noting “[t]hirty-eight states exempt SSI benefits from inclusion in a calculation of gross income for child support purposes”).