IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TIMOTHY FIELDS,

      Appellant,

 v.                                   Case No. 5D15-4091

BENEFICIAL FLORIDA, INC.,

      Appellee.

_____/

Opinion filed December 16, 2016

Non-Final Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Beau Bowin, of Bowin Law Group, West
Melbourne, for Appellant.

Matthew A. Ciccio, of Aldridge/Pite, LLP
Delray, for Appellee.


COHEN, J.

      Timothy Fields appeals an order vacating the involuntary dismissal entered against

Beneficial Florida, Inc. ("Beneficial"). Because Fields has not demonstrated that the trial

court abused its discretion in vacating the order of dismissal, we affirm.

      In September 2014, Fields failed to respond to Beneficial's mortgage foreclosure

complaint, and the clerk entered a default judgment against him. In February 2015, more

than five months later, Fields moved to lift the default. A hearing was set on that motion.

Prior to the hearing, Beneficial, demonstrating professional courtesy, consented to the default being set aside. However, a case management conference remained scheduled. Beneficial failed to attend that conference, and the trial court dismissed the case.

Five months after the dismissal, Beneficial filed a motion to vacate, seeking to reinstate the action, to which it attached a supporting affidavit. One might think that Fields would show the same courtesy earlier demonstrated by Beneficial. That would not prove true. At the hearing on the motion, contested by Fields, Beneficial argued that its failure to attend the case management conference was the result of excusable neglect under Florida Rule of Civil Procedure 1.540(b). The trial court accepted Beneficial's explanation for the delay and granted the motion to vacate.[1] Not dissuaded, Fields filed this appeal.[2]

We review a trial court's decision to grant or deny relief from judgment for an abuse of discretion. Kemper v. Dep't of Rev. ex rel. Kemper, 159 So. 3d 303, 304 (Fla. 5th DCA 2015). Fields relies on the rule applicable to default judgments and argues that Beneficial's motion should have been denied because Beneficial failed to argue due diligence in its affidavit seeking relief under rule 1.540(b)(1). See Bojadzijev v. Roanoke Tech. Corp., 997 So. 2d 1251, 1253 (Fla. 5th DCA 2009) (requiring that party seeking relief from a default judgment show (1) excusable neglect, (2) a meritorious defense, and (3) due diligence in seeking relief). Fields concedes, however, that he has identified no

---

[1] Even if the trial court had denied the motion to vacate, Beneficial would not have been precluded from filing a new foreclosure action. See Hicks v. Wells Fargo Bank, N.A., 178 So. 3d 957, 959 (Fla. 5th DCA 2015) (citing Singleton v. Greymar Associates, 882 So. 2d 1004, 1007 (Fla. 2004)). The real source of the conflict, then, seems to have been Field's outstanding motion for attorney's fees at the time Beneficial moved for relief from the dismissal.

[2] We have jurisdiction pursuant to rule Florida Rule of Appellate Procedure 9.130(a)(5).

case law applying the due diligence requirement to motions for relief from an involuntary dismissal.

Although we do not doubt that a party's diligence in seeking relief plays a role in determining whether to grant relief from involuntary dismissal, we note that the plain language of rule 1.540(b)(1) contains no such requirement. Instead, the rule requires the motion be brought within a reasonable time, not to exceed one year. Fla. R. Civ. P. 1.540(b). The question of whether a party diligently sought relief from an involuntary dismissal is a matter best left to the discretion of the trial court.

At the hearing on Beneficial's motion, Beneficial argued that it acted diligently in seeking relief from the involuntary dismissal. Although Beneficial's argument would have been bolstered by including evidence of due diligence in its supporting affidavit, the trial court did not abuse its discretion in granting the motion to vacate.

AFFIRMED.

ORFINGER and LAMBERT, JJ., concur.