# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2455
Lower Tribunal No. 09-75080
_____


**Roosevelt 26, LLC,**

Appellant,

vs.

**Ronald D. Trejo, et al.,**

Appellees.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas and Spencer Eig, Judges.

Neustein Law Group, P.A., and Nicole R. Moskowitz, for appellant.

McGuireWoods LLP, and Sara F. Holladay, Emily Y. Rottmann, and Kathleen D. Dackiewicz, (Jacksonville), for appellee Wells Fargo Bank, N. A.


Before LOGUE, C.J., and LINDSEY and BOKOR, JJ.

LOGUE, C.J.

This lawsuit began fourteen years ago when Wells Fargo Bank, N.A.

filed a complaint in 2009 seeking to foreclose on a condominium in downtown

Miami. Wells Fargo filed this complaint as the holder of the mortgage and note on the property. The complaint named as the respondents, Ronald D. Trejo, the promisor on the note, and two condominium associations that governed the property. When Wells Fargo failed to appear for trial, the case was dismissed without prejudice and the associated lis pendens was cancelled. That dismissal, however, was ultimately set aside because the trial court determined that Wells Fargo did not receive the notice for trial or the order of dismissal. The order setting aside the dismissal was silent as to the lis pendens.

Meanwhile, one of the condominium associations, Met 1 Condominium Association, Inc., filed its own foreclosure action on the condominium. A foreclosure on its lesser interest was granted, and the condominium was sold to Roosevelt 26, LLC to satisfy this judgment. After its case was reinstated, and unaware of the Met 1 judgment and the condominium's sale, Wells Fargo obtained a final judgment of foreclosure and purchased the property when it was put up for auction.

Roosevelt 26 then filed an omnibus motion to intervene in the action, cancel the auction, vacate the final judgment, and dismiss the lawsuit. The trial court granted most of Roosevelt 26's requests. It allowed Roosevelt 26 to intervene, canceled the auction, vacated the final judgment, and ordered

2

Wells Fargo to add Roosevelt 26 as a defendant. However, the trial court denied Roosevelt 26's motion to dismiss. The case eventually went to trial. After trial, the trial court entered a final judgment in favor of Wells Fargo. Roosevelt 26 timely appealed the final judgment. On appeal, Roosevelt 26 challenges the trial court's orders vacating the dismissal of the lawsuit and denying Roosevelt 26's motion to dismiss.

First, we find no error in the trial court's decision to vacate the dismissal in these circumstances where the trial court determined that the plaintiff did not receive the order setting the case for trial or the order of dismissal and timely sought to vacate the dismissal. Fields v. Beneficial Fla., Inc., 208 So. 3d 278, 280 (Fla. 5th DCA 2016).

Second, although Roosevelt 26 was allegedly not on notice or given the opportunity to be heard leading up to the trial court's first judgment, this judgment was vacated by the trial court at Roosevelt 26's request and Roosevelt 26 was then named as a defendant, served with process, and had a full opportunity to participate in the non-jury trial that led to the judgment under review. Any due process issue therefore became moot. See Hartford Accident & Indem. Co. v. U.S.C.P. Co., 515 So. 2d 998, 1001 (Fla. 4th DCA 1987) ("[T]he issue created by an erroneous interlocutory order may become

moot during the course of the trial court proceeding or by the final judgment[.]").

Affirmed.