THREADGILL, Judge.
The Department of Health and Rehabilitative Services (H.R.S.) challenges an order awarding attorney’s fees to the appellee, D.P., in this suit to recover public assistance monies for the support of two children. We reverse.
H.R.S. filed its petition against the appel-lee on December 22, 1989, alleging he was legally responsible for the support of two *272 children, P.P. and J.P., and asking that he reimburse H.R.S. $1,889, which had been paid for their support. The appellee answered, denying these allegations.
The appellee also filed a counterclaim seeking attorney’s fees under section 57.105, Florida Statutes (1989), stating that there was no justiciable issue of law or fact because H.R.S. had made no reasonable attempt to investigate the allegations of the petition. The counterclaim was pending when the ap-pellee later moved for attorney’s fees without citing any statutory basis for entitlement. H.R.S. subsequently filed a voluntary dismissal.
The trial court awarded attorney’s fees to the appellee in the amount of $3,412.50, but failed to state the statutory basis for the award. Although it may be inferred from the pending counterclaim that the trial court awarded fees based on section 57.105, the order is still deficient because it fails to expressly find that there was no justiciable issue of law or fact. Ware v. Land Title Company of Florida, Inc., 582 So.2d 46 (Fla. 2d DCA1991). We therefore reverse. See id. Even if the order were correct on its face, the record does not support an award.
A putative father who obtains a ruling that he is not the children’s father may not recover attorney’s fees on the ground of a complete absence of justiciable issue of law or fact where H.R.S. brings an action in good faith rebanee on information provided by the mother. Richardson v. Helms, 502 So.2d 1372 (Fla. 2d DCA1987). H.R.S. filed its petition against the appellee based on affidavits of paternity from the children’s mother R.P. and their sister P.N. which had been submitted with their applications for Aid to Families with Dependent Children.
The appellee argues that notwithstanding the affidavits H.R.S. knew or had reason to know that he was not the children’s father when it petitioned for support. This contention, however, is not borne out by the evidence. The record of the hearing consists of a statement prepared by the trial court in lieu of a transcript. It sets forth evidence that the children’s mother was married to the appellee at the time the children were born. The statement also refers to a final judgment of dissolution of marriage which discusses other children but makes no mention of J.P. and P.P. Although it may be argued that the judgment casts doubt on the children’s paternity, there is no evidence that H.R.S. was aware of the substance of the judgment. Nor is there any evidence H.R.S. continued to prosecute the case against the appellee after learning of the dispositions contained in the judgment. In the absence of any evidence that H.R.S. knew or should have known that the appellee was not the father, an award of fees under section 57.105 is improper.
We therefore reverse the order awarding attorney’s fees to the appellee.
Reversed.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.