807 So.2d 177 (2002)
Kevin A. STAGL, Appellant,
v.
James E. BRIDGERS, Appellee.
No. 2D01-1385.
District Court of Appeal of Florida, Second District.
February 13, 2002.
Kevin A. Stagl, pro se.
Andrew P. Rock of Kingsford & Rock, P.A., Maitland, for Appellee.
STRINGER, Judge.
Appellant, Kevin A. Stagl, challenges the trial court's order awarding appellee, James E. Bridgers, attorney's fees pursuant to section 57.105, Florida Statutes (1997). We reverse.
An award of attorney's fees pursuant to section 57.105 is appropriate only when the action is "so clearly devoid of merit both on the facts and the law as to be completely untenable." Brinson v. Creative Aluminum Prods., 519 So.2d 59, 60 (Fla. 2d DCA 1988).
Here, Stagl's complaint was dismissed three times for failure to state a cause of action. The last such dismissal was with prejudice. However, merely failing to state a cause of action is not sufficient, in and of itself, to support a finding that the claim was so lacking in merit as to justify an award of attorney's fees pursuant to section 57.105. See Strothman v. Henderson Mental Health Ctr., Inc., 425 So.2d 1185 (Fla. 4th DCA 1983). The record before us does not support the trial court's finding that there was a complete absence of a justiciable issue of fact or law.
Accordingly, we reverse that portion of the order which awards attorney's fees in the amount of $34,365.50. We, however, affirm those portions of the order which award previous appellate costs in the amount of $211.35 pursuant to Florida Rule of Appellate Procedure 9.400 and court costs in the amount of $2,810.75 pursuant to Florida Rule of Civil Procedure 1.420.
Reversed in part and affirmed in part.
BLUE, C.J., and COVINGTON, J., Concur.