813 So.2d 1075 (2002)
NORTH LAKELAND PAIN AND TRAUMA, INC. and Peter Petrone, Appellants,
v.
June BENSON, Appellee.
No. 2D01-3030.
District Court of Appeal of Florida, Second District.
April 24, 2002.
*1076 Robert M. Paine of Robert M. Paine, P.A., Lakeland, for Appellants.
W. Clinton Wallace of W. Clinton Wallace, P.A., Lakeland, for Appellee.
KELLY, Judge.
North Lakeland Pain and Trauma, Inc. (NLPT) appeals from a final judgment awarding attorney's fees and costs to June Benson. We reverse the award of fees and affirm the award of costs.
Benson sought to obtain a copy of her medical records from NLPT. When she was unsuccessful, Benson filed a petition to obtain her medical records citing sections 456.057 and 766.204, Florida Statutes (2001). In her petition, she also requested attorney's fees and costs. After a hearing, the trial court ordered NLPT to deliver the records to Benson. The court also entered a final judgment awarding Benson costs and attorney's fees. The judgment does not state the basis for the fee award.
Benson argues that the award is justified because the trial court concluded that NLPT forced her to come into court to get the medical records she had requested. However, neither section 456.057 nor section 766.204 authorizes an award of attorney's fees. In the absence of a statutory basis or contractual provision, a prevailing party is not generally entitled to an award of attorney's fees. Pines v. Growers Service Co., Inc., 787 So.2d 85 (Fla. 2d DCA 2001). Accordingly, Benson was not entitled to fees under those statutes.
Benson also argues that the award is justified under section 57.105, Florida Statutes (2001). In the trial court, Benson never suggested that she was entitled to fees under section 57.105, and the trial court made no findings that would support such an award. See P.N. v. D.P., 626 So.2d 271 (Fla. 2d DCA 1993). Further, other than citing the statute as a possible basis to affirm the trial court, Benson does not suggest how the record in this case supports an award of fees under section 57.105. Accordingly, we reverse the award of attorney's fees. See Curenton v. Chester, 576 So.2d 969 (Fla. 5th DCA 1991).
NLPT also challenges the trial court's award of costs to Benson arguing that there was no statutory basis for the award and that Benson was not the prevailing party. NLPT's contention that Benson was not the prevailing party is not supported by the record. As the prevailing party, Benson was entitled to recover her costs under section 57.041, Florida Statutes (2001). Accordingly, we affirm the award of costs.
Reversed in part, affirmed in part, and remanded for entry of judgment in accordance with this opinion.
NORTHCUTT and CASANUEVA, JJ., concur.