817 So.2d 922 (2002)
Marcellus M. MASON, Jr., Appellant,
v.
HIGHLANDS COUNTY BOARD OF COUNTY COMMISSIONERS, Hardee County Board of County Commissioners, Heartland Library Cooperative, Mary Myers, Fred Myers, Fred Carino, Diane Hunt, Carolyn Hesselink and Guy Maxcy, Appellees.
Nos. 2D01-1041, 2D01-2750.
District Court of Appeal of Florida, Second District.
May 8, 2002.
Marcellus M. Mason, Jr., pro se.
Maria Sorolis and John Bolanovich of Allen, Norton & Blue, P.A., Tampa, for Appellees.
SILBERMAN, J.
Marcellus M. Mason, Jr., appeals the order dismissing his amended complaint with prejudice and the order awarding attorney's fees in favor of the appellees (hereinafter referred to collectively as "Highlands County"). We affirm the order of dismissal without comment, but we reverse the order awarding attorney's fees.
Mason filed suit in December 2000 and alleged claims for invasion of privacy and civil conspiracy. Subsequently, he filed an amended complaint based on the same claims. Highlands County moved to dismiss the amended complaint and requested an award of attorney's fees pursuant to section 57.105, Florida Statutes (2000). Highlands County asserted that Mason's claims were not supported by the material facts necessary to establish a claim and were not supported by existing law.
After the trial court granted the motion to dismiss, Highlands County filed a motion for attorney's fees and alleged that the claims were not supported by the material facts or the law, that the claims were *923 made to harass Highlands County, and that the claims were barred by the principles of res judicata, collateral estoppel, and claim-splitting. Highlands County filed a legal memorandum and an affidavit in support of its motion for fees. The affidavit addressed the dollar amount of the fees, the attorney time, and the attorney billing rate.
In its motion and legal memorandum, Highlands County referred to multiple lawsuits, appeals, and e-mail communications from Mason as demonstrating that Mason's claims had no merit and that Highlands County was entitled to an award of fees. At the hearing on the motion, no evidence was presented to the trial court to establish Highlands County's entitlement to an award of fees under section 57.105. In granting the motion, the trial court made no findings but simply ordered Mason to pay the fees requested by Highlands County.
Pursuant to the terms of section 57.105, before an award of fees may be made there must be a finding that the losing party or its attorney "knew or should have known that a claim or defense when initially presented to the court or at any time before trial: (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts." Although section 57.105 was substantially modified by the legislature in 1999, see ch. 99-225, § 4, Laws of Fla., cases interpreting the predecessor statute provide some guidance to our review of the trial court's award under the current version of the statute.
In Apgar & Markham Construction of Florida, Inc. v. Macasphalt, Inc., 424 So.2d 41, 42 (Fla. 2d DCA 1982), the court reversed an order awarding attorney's fees pursuant to section 57.105 because the trial court failed to make the requisite finding as to whether there was any justiciable issue of either law or fact raised by the losing party. The court cited Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 506 (Fla.1982), overruled in part on other grounds, Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). In Whitten, the supreme court made clear that an award of fees under section 57.105 does not follow simply because a party loses by summary judgment or on the pleadings. 410 So.2d at 505-06.
Failing to state a cause of action is not, in and of itself, a sufficient basis to support a finding that a claim was so lacking in merit as to justify an award of fees pursuant to section 57.105. Stagl v. Bridgers, 807 So.2d 177 (Fla. 2d DCA 2002). In Stagl, the complaint had been dismissed three times for failure to state a cause of action, but the record on appeal did not support the trial court's finding that there was a complete absence of a justiciable issue of law or fact. Id.
A finding that a party is entitled to recover attorney's fees under section 57.105 must be based upon substantial, competent evidence presented at the hearing on attorney's fees or otherwise before the court and in the record. See Strothman v. Henderson Mental Health Ctr., Inc., 425 So.2d 1185, 1185-86 (Fla. 4th DCA 1983). Mason's amended complaint, while not stating a cause of action, did not reflect that the claims were so lacking in merit as to support an award of fees under section 57.105. Moreover, no substantial, competent evidence in support of the motion for fees was presented to the trial court or is contained in the record, and the trial court failed to make the findings required by section 57.105. Therefore, we *924 reverse the order awarding fees to Highlands County.[1]
Affirmed in part and reversed in part.
BLUE, C.J., and FULMER, J., concur.
NOTES
[1] Although not determinative of this appeal, we also note that the order awarding fees is deficient because the trial court failed to make the necessary findings regarding the number of hours and the hourly rate which were employed in calculating the fee amount. See Fernandez v. Bayless, 558 So.2d 1052, 1052 (Fla. 2d DCA 1990).