WHATLEY, Judge.
William Hartwell Cooke appeals the final judgment awarding Custom Crete of Southwest Florida, Inc. attorney’s fees and costs pursuant to section 57.105(1), Florida Statutes (1999). We reverse.
In September 1997, Cooke was injured when he fell on exposed iron reinforcement bars while working at a construction site. He engaged counsel to represent him, and the attorney consulted with the general contractor for the job to determine who was responsible for the exposed reinforcement bars. The general contractor provided counsel with the names of four subcontractors whom he thought were at fault. He could not be more specific because he was no longer in business and had destroyed his records. Counsel filed a negligence action against all four subcontractors in October 1999, but that action was dismissed without prejudice following counsel’s withdrawal due to a conflict. Prior to the dismissal, Custom Crete contacted Cooke’s counsel and informed him that it could not have been responsible for *316 Cooke’s injuries because it performed no work at the job site until three months after Cooke was injured.
Cooke hired new counsel who filed another action for negligence against all four subcontractors on May 18, 2001. Custom Crete also informed this attorney that it could not have been at fault, and it provided an invoice as proof. Cooke’s counsel informed Custom Crete that because the statute of limitations was running, he would need some form of sworn testimony before he could drop Custom Crete as a party. Custom Crete filed an answer and a counterclaim alleging that it was not on the job at the time of Cooke’s injuries and seeking attorney’s fees pursuant to section 57.105. Custom Crete also filed answers to interrogatories. On August 16, 2001, Cooke took the deposition of a representative of Custom Crete, and on August 27, 2001, Cooke voluntarily dismissed Custom Crete and another subcontractor.
Custom Crete subsequently filed a motion for attorney’s fees and costs pursuant to section 57.105. At the hearing on the motion, the trial court found that although Cooke’s counsel “acted reasonably” in filing suit and protecting against malpractice, Custom Crete should not have to incur any costs when it was not even on the job site until after Cooke was injured. The court entered final judgment awarding Custom Crete the amount of attorney’s fees and costs it sought and awarding its expert witness his fee. The judgment contains no findings concerning the basis for the award of fees or concerning the number of hours expended and the hourly rate used to calculate the amount of fees.
Section 57.105(1) provides for the award of attorney’s fees in any action:
[I]n which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
“A finding that a party is entitled to recover attorney’s fees under section 57.105 must be based upon substantial, competent evidence presented at the hearing on attorney’s fees or otherwise before the court and in the record.” Mason v. Highlands County Bd. of County Comm’rs, 817 So.2d 922 (Fla. 2d DCA 2002).
The trial court in the present case did not find that'Cooke or his attorney knew or should have known that Cooke’s claim was not supported by material facts. To the contrary, the court found that Cooke’s counsel acted reasonably in filing suit. In addition, Custom Crete’s expert witness testified that it would be a bad idea for a plaintiffs counsel to dismiss a party when the statute of limitations was close to running and he had no definitive evidence whether that party was involved. That witness also testified that during his examination of the record, he saw no affidavits by Custom Crete or its attorney supporting Custom Crete’s position. The transcript of the hearing contains no indication that Custom Crete introduced the invoice it had sent Cooke, nor is that invoice in the record.
Thus, not only do the trial court’s own findings reveal the error in the court’s award of fees to Custom Crete, the record reveals a lack of substantial, competent evidence to support that award.
*317 Accordingly, we reverse the final judgment.[1]
COVINGTON and KELLY, JJ., Concur.

. Although not determinative of this appeal, we note that the trial court also erred in failing to set forth in the final judgment findings regarding the number of hours and the hourly rate used to calculate the fee amount. Mason v. Highlands County Bd. of County Comm’rs, 817 So.2d 922, 924 n. 1 (Fla. 2d DCA 2002).