864 So.2d 59 (2003)
Stephen GOLDBERG, Appellant,
v.
Susan WATTS, Appellee.
Nos. 2D02-5482, 2D03-1552.
District Court of Appeal of Florida, Second District.
December 12, 2003.
Rehearing Denied January 30, 2004.
Stephen Goldberg, pro se.
Jon D. Parrish of Parrish, White & Lawhon, P.A., Naples, for Appellee.
STRINGER, Judge.
Stephen Goldberg seeks review of the trial court's order dismissing Goldberg's action as time-barred by the applicable statute of limitations. Goldberg also seeks review of the order granting Susan Watts attorney's fees. We affirm the trial court's order of dismissal without comment and reverse the order awarding attorney's fees.
Goldberg correctly asserts that the trial court's order awarding Watts $8015.58 in attorney's fees and costs is deficient. Absent a statutory basis or applicable contractual provision, "a prevailing party is not generally entitled to an award of attorney's fees." N. Lakeland Pain & Trauma, Inc. v. Benson, 813 So.2d 1075, 1076 (Fla. 2d DCA 2002). The order in this case fails to provide a statutory basis for the award, and no contractual provision has been asserted as support for the award.
Though it may be argued that the award in this case is based on section 57.105, Florida Statutes (2002), allowing attorney's *60 fees as a sanction for raising unsupported claims or defenses or as damages for delay of litigation, the order is still insufficient to support such an award. An order awarding attorney's fees under section 57.105 must include findings by the trial court to support the award. Mason v. Highlands County Bd., 817 So.2d 922, 923 (Fla. 2d DCA 2002), review dismissed, 839 So.2d 698 (Fla.2003); P.N. v. D.P., 626 So.2d 271, 272 (Fla. 2d DCA 1993). The order in this case includes none of the findings required by section 57.105.
Based on these deficiencies, we reverse the order awarding Watts attorney's fees and affirm the trial court in all other aspects.
Affirmed in part and reversed in part.
CASANUEVA and WALLACE, JJ., Concur.