NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARK JACKSON,                    )
                                 )
            Appellant,           )
                                 )
v.                               )      Case No. 2D14-2197
                                 )
MICHELLE JACKSON,                )
                                 )
            Appellee.            )
_____ )

Opinion filed September 18, 2015.

Appeal from the Circuit Court for
Sarasota County; Kimberly Carlton
Bonner, Judge.

Mark Jackson, pro se.

Jaime L. Wallace of Icard, Merrill,
Cullis, Timm, Furen & Ginsburg, P.A.,
Sarasota, for Appellee.


NORTHCUTT, Judge.

Mark Jackson challenges a final summary judgment in favor of his former

wife, Michelle, as well as an order assessing fees against him. The appeal was

untimely as to the summary judgment and we dismiss that aspect of the case, but we

reverse the fee order.

The Jacksons were divorced in 2012 by a final judgment that incorporated

a 2009 postnuptial agreement. After the dissolution proceeding was completed, Mark

sued Michelle, alleging that she had breached the postnuptial agreement when she unsuccessfully challenged its validity in the dissolution litigation. He sought to recover his attorney's fees for this "breach of contract." Michelle filed an answer and affirmative defenses.

In January 2014 the circuit court granted Michelle's motion for summary judgment. On February 26, the court entered a "Final Order of Summary Judgment and Order Imposing Sanctions." In regard to the summary judgment, the order stated: "Pursuant to the court's prior order, summary judgment is entered in favor of the Defendant who shall go hence without day." As to the sanctions, it said: "The court finds that the Defendant is entitled to fees under Florida Statute § 57.105 in the amount of $8,073.62 and directs the Defendant to submit a Final Judgment in that amount." On April 9, the court entered a final judgment awarding attorney's fees in this sum "for which let execution issue."

Mark filed a notice of appeal on May 6, 2014. The notice was untimely vis-à-vis the final summary judgment on the claim for breach of contract. That judgment was rendered on February 26, 2014. See Catchings v. Fla.-McCracken Concrete Pipe Co., 135 So. 561, 562 (Fla. 1931) (characterizing *go hence without day* as words of finality); Raymond v. Caldwell Banker Residential Real Estate, Inc., 848 So. 2d 1160, 1161 (Fla. 4th DCA 2003) (dismissing as untimely an appeal from summary judgment; "an order which grants a motion for summary judgment, and includes the words 'go hence without day' is a final judgment"). The circuit court docket does not reflect that any motions for rehearing had been filed. Therefore, the thirty-day period for appealing the judgment expired on March 28. See Fla. R. App. P. 9.110(b) (requiring notice of

appeal to be filed "within 30 days of rendition of the order to be reviewed"). Accordingly, we dismiss the appeal insofar as it challenges the summary judgment.

Mark's appeal of the attorney's fee judgment was timely, however. Section 57.105(1) provides for an award of reasonable fees when

> the court finds that the losing party . . . knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
> (b) Would not be supported by the application of then-existing law to those material facts.

As Mark argues, the order is deficient because it contains no findings to support the fee award. See Mason v. Highlands Cty. Bd. of Cty. Comm'rs, 817 So. 2d 922, 923 (Fla. 2d DCA 2002). In addition to the finding on entitlement, a fee order must include findings to justify the amount. Perez v. Perez, 100 So. 3d 769, 771 (Fla. 2d DCA 2012).

In Mason we noted that "[a] finding that a party is entitled to recover attorney's fees under section 57.105 must be based upon substantial, competent evidence presented at the hearing on attorney's fees or otherwise before the court and in the record." 817 So. 2d at 923. The circuit court docket shows that a fee hearing was held, but the record on appeal does not contain a transcript. It is the appellant's burden to provide an adequate record. But even when the appellant has not done so, a fee award without adequate findings to justify the amount is reversible. Harris v. McKinney, 20 So. 3d 400, 403 (Fla. 2d DCA 2009).

We reverse the judgment imposing fees against Mark. On remand, the circuit court shall enter an order setting forth the basis for its finding of entitlement as

well as the facts supporting the amount awarded. See In re Guardianship of Ansley, 94 So. 3d 711, 714 (Fla. 2d DCA 2012) (reversing and remanding deficient fee order).

Dismissed in part; reversed and remanded in part.

BLACK and SALARIO, JJ., Concur.