PER CURIAM. In this sinkhole case, Austin & Laurato, P.A. (“Law Firm”) appeals the final judgment on entitlement to attorney’s fees that the trial court entered in favor of State Farm Florida Insurance Company (“State Farm”) as a sanction for filing a frivolous complaint under section 57.105(1), Florida Statutes (2012). The final judgment imposed attorney’s fees jointly and severally against Law Firm and its client, Armelle Cleophat.[1] We reversé. Orders awarding attorney’s fees as a sanction under section 57.105(1) for raising frivolous claims or defenses are reviewed for an abuse of discretion. Jean-Pierre v. Glaberman, 192 So.3d 613, 613 (Fla. 4th DCA 2016) (quoting Lago v. Kame By Design, LLC, 120 So.3d 73, 74 (Fla. 4th DCA 2013)). Under this standard, “[i]f reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). Section 57.105(1) permits a prevailing party to seek an award of attorney’s fees, including prejudgment interest, against the losing party and the losing party’s attorney in equal amounts if the court finds that the losing party and its attorney knew or should have known that the claim or defense “[w]as not supported by the material facts necessary to establish the claim or defense” or “[w]ould not be supported by the application of then-existing law to those material facts.” However, monetary sanctions may not be awarded “if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.” § 57.105(3)(a), Fla. Stat. (2012). A trial court’s findings on imposing attorney’s fees as a sanction under section 57.105(1) must “be based upon substantial competent evidence presented to the court at the hearing on attorney’s fees or otherwise before the court and in the trial record.” Blue Infiniti, LLC v. Wilson, 170 So.3d 136, 140 (Fla. 4th DCA 2015) (quoting Montgomery v. Larmoyeux, 14 So.3d 1067, 1073 (Fla. 4th DCA 2009)). An order awarding attorney’s fees as a sanction under section 57.105(1) “must include findings by the trial court to support the award.” Goldberg v. Watts, 864 So.2d 59, 60 (Fla. 2d DCA 2003) (citing Mason v. Highlands Cty. Bd., 817 So.2d 922, 923 (Fla. 2d DCA 2002)). “[T]he trial court must find that there were no justicia-ble' issues of law or fact and that the losing party’s attorney did not act in good faith based on the representations of his or her client.” Siegel v. Rowe, 71 So.3d 205, 211 (Fla. 2d DCA 2011) (quoting Weatherby Assocs., Inc. v. Ballack, 783 So.2d 1138, 1143 (Fla. 4th DCA 2001)). Findings are also required to justify the amount of attorney’s fees awarded in the case. Jackson v. Jackson, 177 So.3d 639, 641 (Fla. 2d DCA 2015) (citing Perez v. Perez, 100 So.3d 769, 771 (Fla. 2d DCA 2012)). These findings cannot be made by the appellate court, and, in their absence, the case must bé remanded tó the trial court for it to make the findings. Boca Burger, Inc. v. Forum, 912 So.2d 561, 569 (Fla. 2005) (quoting Kurzweil v. Larkin Hosp. Operating Co., 684 So.2d 901, 903 (Fla. 3d DCA 1996)). Here, the order on entitlement to attorney’s fees contains a recitation of the facts of the case, but only two findings related to sanctions. The first,-in paragraph 14, was that after the motion for sanctions was served on them, Cleophat and Law Firm “refused to take corrective action and pursued the lawsuit without pause,” The second, found in paragraph 18, was that “the [plaintiff and her attorneys failed to show any good faith basis for the action.”. Standing alone, such findings are insufficient to assess attorney’s fees against an attorney for the losing party as there must also be a finding that counsel knew or should have known at the time the complaint was filed that the claims against State Farm were not' supported by material facts necessary to establish the claims or were not supported by the application of then-existing law to the material facts.[2] See Ballack, 783 So.2d at 1143. The trial court must also consider whether the claim was “initially presented to the. court as a good faith argument, for, the extension, modification, or reversal of existing law or the establishment of new.law” because such a finding would preclude sanctions under section 57.105. See § 57.105(3)(a), Fla. Stat. Although we are unwilling to com elude that the trial court abused its discretion in awarding attorney’s fees to State Farm as a sanction, see Canakaris, 382 So.2d at 1203 (“In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of- the trial judge and should apply the ‘reasonableness’' test to determine whether the trial judge abused his discretion.”), we are compelled to reverse because the trial court failed to make the requisite factual findings in its order. The trial court also erred in imposing joint and several liability [3] on Law Firm and Cleophat as, under these circumstances, each could only be responsible for fifty percent of the attorney’s fees sanction. See § 57.105(1), Fla. Stat. Accordingly, we revérse the order on entitlement to attorney’s fees and the final judgment entering attorney’s fees jointly and severally against Law Firm and Cleophát, and remand for further consideration.[4] REVERSED and REMANDED. BERGER, J., and PAULK, G.T., Associate Judge, concur. EVANDER, J., concurs in part, dissents in part, with opinion. . State Farm eventually reached a settlement with Cleophat, and the appeal as to her was voluntarily dismissed. . Here, although the complaint was not supported by then-existing law in this district, see Starling v. Allstate Floridian Ins. Co., 956 So.2d 511 (Fla. 5th DCA 2007), the law was shifting on the issue of prejudice. See State Farm Mut. Auto. Ins. Co. v. Curran, 83 So.3d 793 (Fla. 5th DCA 2011); Whistler's Park, Inc. v. Fla. Ins. Guar. Ass'n, 90 So.3d 841 (Fla. 5th DCA 2012). . Notably, joint and several liability would impose the entire amount, of-the judgment on both Law Firm and Cleophat. There is no authorization in section 57.105 for that outcome. While section 57.105 contemplates situations where either the client or the attorney may be liable for one hundred percent of the fee award, it does not permit both to be held liable for the entire award. . In the event the trial court concludes sanctions are appropriate on repiand, State Farm is not entitled to recover attorney's fees incurred litigating the amount of attorney’s fees, see Wood v. Haack, 54 So.3d 1082, 1084 (Fla. 4th DCA 2011), and is not entitled to appellate attorney’s fees incurred in the first appeal. See Santiago v. Sunset Cove Invs., Inc., 198 So.3d 658, 659 (Fla. 2d DCA 2015).