DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

FELIZ SOTO,

Appellant,

v.

CARROLLWOOD VILLAGE PHASE III
HOMEOWNERS ASSOCIATION, INC.;
THE GREENS OF TOWN 'N COUNTRY
CONDOMINIUM ASSOCIATION, INC., a
Florida not-for-profit corporation; CITI
FINANCIAL HOLDING TRUST, LLC; and
ASSOCIA GULF COAST, INC.,

Appellees.

No. 2D20-1944

_____

September 3, 2021

Appeal from the Circuit Court for Hillsborough County; Martha J.
Cook, Judge.

Ian Horn of Horn & Associates, Brandon, for Appellant.

Scott B. Tankel and Robert L. Tankel of Tankel Law Group,
Dunedin, for Appellee Carrollwood Village.

No appearance for remaining Appellees.

SILBERMAN, Judge.

Defendant/Counterplaintiff Felix Soto appeals a final order that grants attorney's fees as a sanction pursuant to section 57.105(1), Florida Statutes (2017), and awards fees of $6,350 to Counterdefendant Carrollwood Village Phase III Homeowners Association, Inc. (Carrollwood Village).  Because the circuit court failed to make the necessary findings regarding entitlement to and the amount of attorney's fees as a sanction and further failed to conduct an evidentiary hearing on the amount of fees, we reverse the sanctions order and remand for further proceedings.

The Greens of Town 'N Country Condominium Association, Inc. (The Greens), sued Soto in county court to foreclose a lien for condominium maintenance fees.  After a default, a final judgment of foreclosure was entered.  Citi Financial Holdings Trust, LLC (Citi Financial), purchased the property at a foreclosure sale in December 2014.  Upon Soto's request for relief under Florida Rule of Civil Procedure 1.540(b)(4), the county court determined that the foreclosure judgment was void.  Soto then answered the complaint and filed a counterclaim, joining Citi Financial as a counterdefendant.  The action was transferred to circuit court

2

because the counterclaim sought damages in excess of the county court's jurisdictional limit. Carrollwood Village has a final judgment against the current titleholder to the subject property, Citi Financial, that apparently resulted from a dispute concerning a different property.

In his amended counterclaim filed in 2017, Soto joined Carrollwood Village as a counterdefendant in count two. Twice the circuit court granted Carrollwood Village's motion to dismiss and gave Soto leave to amend. After each dismissal Carrollwood Village filed a motion for sanctions under section 57.105(1), and the circuit court denied each motion without prejudice.

Soto's third amended counterclaim contained eight counts and named Carrollwood Village in claims for declaratory relief in three counts. Carrollwood Village again filed a motion to dismiss and a motion for sanctions under section 57.105(1). After hearing argument, the circuit court dismissed with prejudice the counts of the third amended counterclaim against Carrollwood Village. The order states boilerplate language that the motion to dismiss with prejudice is granted and that each of the counts against Carrollwood Village "have been dismissed with prejudice." The

3

court retained jurisdiction to address the motion for sanctions. Soto appealed the dismissal order as to Carrollwood Village, but the appeal was dismissed after Soto failed to comply with this court's order directing him to file an initial brief.

In the circuit court, Carrollwood Village filed two affidavits in support of its motion for sanctions, seeking fees of $6,350. Soto filed the affidavit of Joseph Williams, an attorney, who asserted that the hourly amounts charged were reasonable but that the sum of $6,350 was not reasonable because "[s]ome of the services billed for are inappropriate, not recoverable or are duplicative." Our record does not contain a transcript of the nonevidentiary hearing conducted on April 15, 2020.

The circuit court entered the sanctions order on April 17, 2020. The circuit court granted the motion, with the court finding "the time, scope of work, and rate of [Carrollwood Village's] counsel to be reasonable." No further findings were made.

On appeal, Soto contends that the circuit court erred in ruling that Carrollwood Village was entitled to attorney's fees as a sanction under section 57.105(1). Citi Financial purchased Soto's property at the foreclosure sale in 2014. Soto argues that Carrollwood

4

Village acquired a lien against all of Citi Financial's real property interests in Hillsborough County when Carrollwood Village recorded its judgment against Citi Financial in that county on August 19, 2015. *See* § 55.10(1), Fla. Stat. (2015). But in 2016 the county court determined that the foreclosure judgment was void, apparently for lack of due process in the proceedings.

In his third amended counterclaim against Carrollwood Village, Soto sought, among other things, a declaration of rights regarding the construction of section 702.036(1)(a), Florida Statutes (2017), which governs the finality of mortgage foreclosure judgments and a declaration regarding the as-applied constitutionality of the statute on due process grounds. Soto appears to be asking whether he is permitted to regain title to his property and whether Citi Financial's title to the property is void, thereby affecting Carrollwood Village's judgment lien on the property.

The dismissal order granted the motion to dismiss and dismissed the counts with prejudice but contained no findings or legal analysis. Soto did not pursue his appeal to challenge the dismissal, and we are not tasked in this appeal with determining

5

whether that dismissal was proper. *See Peyton v. Horner*, 920 So. 2d 180, 183 (Fla. 2d DCA 2006). But that does not mean that Carrollwood Village is entitled to attorney's fees as a sanction under section 57.105(1).

> The statute authorizes a fee award if
>
> the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then existing law to those material facts.

§ 57.105(1). The statute is "intended to address frivolous pleadings." *Peyton*, 920 So. 2d at 183. And the court may not award a monetary sanction "if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success." § 57.105(3)(a).

"Failing to state a cause of action is not, in and of itself, a sufficient basis to support a finding that a claim was so lacking in

6

merit as to justify an award of fees pursuant to section 57.105." *Connelly v. Old Bridge Vill. Co-Op, Inc.*, 915 So. 2d 652, 656 (Fla. 2d DCA 2005) (quoting *Mason v. Highlands Cnty. Bd. of Cnty. Comm'rs*, 817 So. 2d 922, 923 (Fla. 2d DCA 2002)); *see also MC Liberty Express, Inc. v. All Points Servs., Inc.*, 252 So. 3d 397, 403 (Fla. 3d DCA 2018) ("[A]n award of fees under section 57.105 requires more than the moving party succeeding in obtaining a dismissal of the action or the entry of a summary judgment in its favor . . . .").

Soto contends that he reasonably sought to join Carrollwood Village as a lien creditor so that any interest it might have in the property would be decided in one suit. He asserts that Carrollwood Village's interest in the property would be affected by a determination of whether Citi Financial's title is void. *See* § 86.091, Fla. Stat. (2017) ("When declaratory relief is sought, all persons may be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceedings."). Soto argues that he thus had colorable grounds for joining Carrollwood Village and that fees as a sanction should not be awarded against him.

7

Soto also contends that the sanctions order does not provide any findings regarding whether Soto's joinder of Carrollwood Village as a party is insupportable and that the court's failure to make such findings renders the order infirm. A fee award as a sanction under section 57.105(1) requires the circuit court to make detailed findings on the basis of its award. *Jean-Pierre v. Glaberman*, 192 So. 3d 613, 613 (Fla. 4th DCA 2016) (reversing fee order under section 57.105(1) when the trial court "failed to make detailed findings in its order regarding the basis for the fees sanction"); *see also Austin & Laurato, P.A. v. State Farm Fla. Ins. Co.*, 229 So. 3d 911, 913 (Fla. 5th DCA 2017) ("An order awarding attorney's fees as a sanction under section 57.105(1) 'must include findings by the trial court to support the award.' " (quoting *Goldberg v. Watts*, 864 So. 2d 59, 60 (Fla. 2d DCA 2003))).

In *Jackson v. Jackson*, 177 So. 3d 639, 641 (Fla. 2d DCA 2015), this court reversed an attorney's fee order based on section 57.105(1) and remanded for the circuit court to "enter an order setting forth the basis for its finding of entitlement as well as the facts supporting the amount awarded." The appellant in *Jackson* had failed to file a transcript of the fee hearing, and this court

8

recognized the appellant's burden to provide a record adequate for review. *Id.* "But even when the appellant has not done so, a fee award without adequate findings to justify the amount is reversible." *Id.*

Although we lack a transcript, "[r]eversal is required unless the trial court makes specific *written* findings" regarding the factors required by *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). *R.M.A. v. J.A.S.*, 269 So. 3d 649, 652 (Fla. 2d DCA 2019). In *R.M.A.*, the trial court had made some written findings but failed to make "specific findings as to the reasonableness of the number of hours spent by [counsel]." *Id.* at 650; *see also Tribble v. L.O.-B.*, 315 So. 3d 1239, 1240 (Fla. 2d DCA 2021) (reversing as to the amount of an order that awarded fees as a sanction because "a trial court must make specific findings regarding the number of hours reasonably expended and the reasonableness of the hourly rate charged").

In awarding fees to Carrollwood Village, the circuit court made very generalized findings that "the time, scope of work, and rate" were "reasonable." The court did not state what rate or number of hours it determined were reasonable, and its findings were plainly

9

insufficient, particularly in light of the competing affidavits. The circuit court has provided us with neither findings on entitlement to fees under section 57.105(1) nor with the necessary findings on the amount of fees. Therefore, we reverse the sanctions order and remand for further proceedings.

In addition to the lack of findings, the circuit court failed to conduct an evidentiary hearing on the amount of fees. Soto contested the amount of attorney's fees, as shown by the affidavit he filed prior to the hearing. Without a stipulation or waiver, the trial court was required to take evidence before making a fee award. *See Newman v. Newman,* 121 So. 3d 661, 662 (Fla. 1st DCA 2013) (recognizing that "absent a stipulation, a party seeking attorney's fees must prove with evidence at an evidentiary hearing the reasonableness of the fee sought" (citing *Giovanini v. Giovanini,* 89 So. 3d 280, 282 (Fla. 1st DCA 2012))); *see also Wagner v. Bank of Am., N.A.,* 143 So. 3d 447, 448 (Fla. 2d DCA 2014) ("The only evidence of these costs and fees was an affidavit filed by the bank's counsel prior to trial, but as all parties agreed below, Wagner was entitled to an evidentiary hearing on the amount of attorney's fees and costs sought by the bank."). Carrollwood Village does not

contend that Soto waived an evidentiary hearing, and nothing in our record reflects a waiver. Therefore, the circuit court erred in failing to conduct an evidentiary hearing regarding the amount of fees awarded.

In summary, we reverse and remand for further proceedings because the circuit court failed to make the necessary findings regarding entitlement to fees as a sanction and the amount of fees and because the court failed to conduct an evidentiary hearing on the amount of fees. On remand, if the circuit court makes findings to support entitlement to attorney's fees under section 57.105(1), the court should conduct an evidentiary hearing on the amount of fees and make the required written findings to support the amount awarded.

Reversed and remanded.

CASANUEVA and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

11