DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TINA IZARD,**
Appellant,

v.

**PHILIPPE BOIS,**
Appellee.

No. 4D2023-2502

[July 31, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina Keever-Agrama, Judge; L.T. Case No. 502016DR009111.

John D. Boykin of John D. Boykin, P.A., North Palm Beach, for appellant.

No brief filed for appellee.

MAY, J.

The former wife appeals an order awarding the former husband attorney's fees under section 57.105, Florida Statutes (2020). She argues the trial court erred in failing to make the required findings in support of such an award. We agree and reverse.

- *The Relevant Facts*

Following the entry of an amended final judgment of dissolution, the trial court entered an amended parenting plan, which required the parents to share two things: (1) parental responsibility and (2) decision-making authority.

In a subsequent order, the trial court clarified that:

> The parent who does not have timesharing with the children **shall provide the older child with a cell-phone that the older child shall keep with him at all times to allow the**

**parent who does not have timesharing with the children to communicate with each of the children utilizing the cell phone provide[d] once daily, telephonically or by video call. This communication**, initiated by the parent who does not have timesharing, **shall be between 5:00 p.m. and 8:00 p.m. daily.** The parent that has timesharing with the children shall make the children available to the other parent at the time that parent calls, shall not interfere with the communication, shall leave the room/area, and shall make certain that during the designated time the aforesaid cell-phone is available to the children, charged, and turned on.

(Emphasis added). Both parties were permitted to attend the children's events so long as the parents did not approach one another.

At some point, the older child asked the former husband to meet him after diving class and bring him a snack. The former husband did so on three occasions. The former husband remained outside the building and did not disturb the class.

After class, the older child sat in the former husband's car and ate the snack. The older child then rode his bike to his taekwondo lesson. The former husband followed him down a dimly lit street to make sure he was safe, and then left.

The former wife discovered these meetings and hired a private investigator to follow the former husband. The investigator observed the activity, but did not see the former husband interfere with the diving class or do anything he was not supposed to do. The investigator wrote a report for the former wife.

Based on the report, the former wife moved for civil contempt and enforcement. She argued the former husband repeatedly engaged in clandestine meetings with one or both children by intercepting them at scheduled activity sites. The former wife alleged the former husband did so solely for the purpose of surreptitiously obtaining extra visitation time. She further alleged the former husband gave the children extra meals and/or treats, which interrupted their schedule and caused them to forego dinner when they returned home.

The former husband filed a section 57.105 motion for attorney's fees, arguing the former wife's claims did not amount to contempt. Specifically, he argued neither Florida law nor the amended parenting plan prohibited

2

either parent from attending the children's activities or providing snacks for them.

After an evidentiary hearing, the trial court denied the former wife's motion for contempt but granted the former husband's 57.105 motion. The trial court found the former husband was allowed to attend the children's extracurricular activities so long as he did not interfere with the event or approach the former wife. The trial court also found the former husband had been unable to contact his children at the designated contact times.

On the former husband's 57.105 motion, the trial court found:

> The parties stipulated that the [trial court] would determine entitlement only to attorney's fees. [The] Former Husband's Motion for Sanctions, Attorney's Fees and Costs is granted. The amount of the reasonable and necessary attorney's fees will be determined at a separate hearing.

The former wife moved for rehearing, which the trial court denied. The former wife appealed, and this Court dismissed the former wife's initial appeal as an appeal of a nonfinal, nonappealable order. *See Johnson Tr. of Krej Irrevocable Tr. No. 7 v. Cliché Piano Bar & Pool Lounge, LLC*, 290 So. 3d 158, 159 (Fla. 2d DCA 2020) (finding that an order awarding only entitlement to section 57.105 attorney's fees is a nonfinal and nonappealable order). Subsequently, the trial court awarded the former husband $4,422.50 in attorney's fees. The former wife now appeals.

- ***The Analysis***

The former wife argues the trial court erred when it granted the former husband's motion for attorney's fees because it failed to make the statutorily required findings in support of the award. We review "a trial court's order awarding section 57.105 [attorney's] fees for an abuse of discretion." *Tr. Mortg., LLC v. Ferlanti*, 193 So. 3d 997, 999 (Fla. 4th DCA 2016).

In deciding whether a party is entitled to an attorney's fees award under section 57.105, a trial court must determine if a nonmoving "party or its counsel knew or should have known that [a] claim or defense asserted was not supported by the facts or an application of existing law." *Wendy's of N.E. Fla., Inc. v. Vandergriff*, 865 So. 2d 520, 523 (Fla. 1st DCA 2003). In other words, a trial court must find that the claim(s) brought was/were

frivolous. *Wapnick v. Veterans Council of Indian River Cnty., Inc.*, 123 So. 3d 622, 624 (Fla. 4th DCA 2013).

"An order awarding attorney's fees under section 57.105 must include findings by the trial court to support the award." *Goldberg v. Watts*, 864 So. 2d 59, 60 (Fla. 2d DCA 2003). Those findings "must be based upon substantial competent evidence presented . . . at the hearing on attorney's fees or otherwise before the [trial] court and in the . . . record." *Weatherby Assocs., Inc. v. Ballack*, 783 So. 2d 1138, 1141 (Fla. 4th DCA 2001).

Here, the trial court simply awarded fees under 57.105 in a conclusory fashion, but it failed to make the required factual findings in its order. The court's single conclusory paragraph failed to comply with the requirements for an award of 57.105 attorney's fees. *See Goldberg*, 864 So. 2d at 59–60 ("Though it may be argued that the award in this case is based on section 57.105, Florida Statutes (2002), allowing attorney's fees as a sanction for raising unsupported claims or defenses or as damages for delay of litigation, the order is still insufficient to support such an award. An order awarding attorney's fees under section 57.105 must include findings by the trial court to support the award.").

In fact, the former husband's 57.105 motion was not discussed at the hearing on the motion for contempt, nor did the trial court notice the 57.105 motion for a separate hearing. The trial court simply awarded fees without making the required findings. We therefore reverse and remand the case to the trial court for the requisite findings to be made in its support of the fee award.

*Reversed and remanded.*

KLINGENSMITH, C.J., and DAMOORGIAN, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4